# Barnhart *v.* Grantham.

*Ejectment—Fraudulent conveyance—Husband and wife.*

A wife who had secured a divorce a mensa et thoro with a decree for alimony levied on certain real estate and purchased the same at sheriff's sale, the record title to which was in G., but which the wife alleged really belonged to her husband and had been conveyed to G. in fraud of her rights. *Held*, in an action of ejectment by the wife against G., the holder of the title, that she was entitled to recover although the property had been conveyed by the husband prior to his marriage, to P., from whom the husband had taken a purchase money mortgage; it appearing that he assigned the mortgage to G., after the institution of the divorce proceedings without adequate consideration, and that subsequently P. conveyed the property to G. in satisfaction of the mortgage, there being evidence that the husband had transferred all his property beyond the reach of his wife, had confessed a fraudulent judgment to G. covering the equity in other real estate owned by him, and that the assignment of the mortgage and the conveyance by P. to G. was part of the fraudulent scheme to strip himself of his property of which G. was fully cognizant.

MITCHELL and BROWN, JJ., dissent.

Argued Oct. 24, 1899. Appeal, No. 142, Oct. T., 1899, by defendants, from judgment of C. P. No. 2, Allegheny Co.,

April T., 1898, No. 855, on verdict for plaintiff in case of Ella C. Barnhart v. James W. Grantham and Julia A. Grantham and John Newingham. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Ejectment for lots in Braddock borough. Before WHITE, P. J.

At the trial it appeared that the plaintiff, after a divorce a mensa et thoro, recovered a judgment against her husband for alimony, and at a sheriff's sale under the judgment bought in the property in dispute, as the property of her husband.

It also appeared that Ella C. Barnhart, the plaintiff, was married to Henry T. Barnhart April 25, 1894. Prior to his marriage by deed dated March 18, 1893, he had conveyed the lots in question to Abram B. Price for a consideration of $2,400, receiving from the purchaser $100 in cash and a purchase money mortgage for $2,300. On November 20, 1894, Barnhart was convicted of adultery and sentenced to one year's imprisonment and a fine of $500. Subsequently proceedings in divorce were instituted by his wife against him and a divorce was decreed a mensa et thoro, and he was ordered to pay to his wife $1,250 for alimony and counsel fees and an annual allowance of $550, to collect which a fi. fa. and vend. ex. were issued and the property in controversy levied upon and sold by the sheriff to the wife, who then brought this ejectment. The defendant, Julia A. Grantham, proved on the trial that she obtained the title to the property by deed from Abram B. Price dated May 7, 1896, and the plaintiff then gave in evidence the purchase money mortgage made by Price to her husband and an assignment thereof by the husband to Julia A. Grantham dated November 15, 1895, alleging that it was assigned in order that he might procure the conveyance of the mortgaged premises from Price directly to Julia A. Grantham in consideration of the satisfaction of the bond and mortgage, and thus defraud his wife and other creditors. It also appeared that between the date of his arrest and trial Barnhart had requested payment of a judgment not yet due and to get the money beyond reach satisfied the judgment and became accommodation indorser for his judgment creditor for the amount, and on the same day had sold a mortgage of $1,200 held by him; that on November 13, 1895, five days after he was released from prison, he transferred certain build-

ing association stock upon which the transferee subsequently received $1,697, and after deducting some small payments for dues, turned over the balance to him and the next day he had confessed a judgment to Julia A. Grantham for $2,300, which about covered the equity in certain real estate which he owned, which judgment was subsequently on the trial of a feigned issue found to be fraudulent. The plaintiff-claimed that the several transfers and conveyances were part of a general plan of her husband to strip himself of his property to her prejudice, and that the defendants participated in the fraud.

On the trial plaintiff's counsel offered in evidence the record of the court of quarter sessions of Allegheny county at No. 78, December sessions, 1894, showing an information made on November 20, 1894, by one Mary Ketler, against Henry T. Barnhart, for adultery, the arrest of the defendant on November 20, 1894, trial on December 13, 1894, and the sentence of the defendant on December 15, 1894, of one year to the workhouse, and $500 fine and costs; and with this record, the record at No. 80, December sessions, 1894, of the same court, showing an information made against Henry T. Barnhart, for fornication, on November 27, 1894, the trial and conviction of the defendant, and his sentence on that charge, on the same day, of a fine of $25.00 and costs of suit; this to be followed by evidence that Henry T. Barnhart was released from the workhouse under those sentences on the 8th day of November, 1895; this being offered for the purpose of showing the situation of Henry T. Barnhart at the time of the assignment of the mortgage of A. B. Price to Henry T. Barnhart to Julia A. Grantham, and his purpose and object, in connection with the other evidence, in assigning the mortgage, and in fraudulently disposing of his property.

Objected to, first, that the matter proposed to be given in evidence is incompetent and irrelevant; second, that it is incompetent and irrelevant, and in no way tends to sustain the purpose for which it is claimed to be offered; third, that it is incompetent under the rule of public policy which prevents a wife from introducing matter of this sort in any case with reference to her husband.

Objection overruled and exception noted for defendants. [3]

It is admitted as a fact, subject to objection, that Henry T.

Barnhart, the defendant in the records already offered in evidence at Nos. 86 and 87, December sessions, 1894, was released from the workhouse under the sentences in the cases already in evidence, on November 8, 1895.

The fact so admitted is objected to as incompetent and irrelevant.

Objection overruled and exception noted for the defendants. [4]

C. Schilling, Jr., a witness in rebuttal, being duly sworn, the plaintiff made the following offer of evidence:

Mr. Yost: In connection with the testimony of this witness, I offer in evidence a judgment of Henry T. Barnhart against C. Schilling, Jr., at D. S. B. No. 97, August term, 1894, for $650, satisfied of record November 26, 1894.

Objected to as incompetent and irrelevant.

Mr. Yost: I propose to show that, at the time of Barnhart's arrest, he had this judgment, and that he came to this witness and turned it into cash; that I propose to follow with quite a considerable amount of assets that he made away with in the same way, some of it getting money for, and some of it getting nothing for.

Objected to as incompetent and irrelevant, and further objected to that the evidence tending to show that the husband did dispose of all of his property would raise no inference, and would not tend, in the most remote degree, to prove a conspiracy with him by these defendants, and that, therefore, the plaintiff ought to be required to give some proof of a conspiracy before the offer is allowed.

Mr. Yost: This will be followed by other evidence, showing that H. T. Barnhart, in disposing of all of his property for the purpose of defrauding the plaintiff, was aided and assisted by the defendant, Grantham, in this suit, in disposing of at least two pieces of his property.

Objection renewed.

The Court: This case rests upon the fraudulent act and intention of Barnhart, participated in and assisted by the defendants in this case. It is an element, and an essential element of the case, that the fraud of Barnhart should be proven. That, of itself, is not sufficient; the defendants must be connected with the fraudulent act and intent in reference to

these lots. This is evidence, as the offer indicates, to prove that Barnhart fraudulently disposed of all his property, and it is competent evidence to prove his fraudulent act, but will be of no avail unless there is subsequent evidence, as intimated in this offer, to prove that the defendants were parties to the fraud in reference to these two lots now in dispute. For these reasons the objection is overruled, and an exception given to the defendants. [5]

S. D. Hamilton, a witness called in rebuttal on the part of the plaintiff, being upon the stand and having testified that he was clerk of the borough of Braddock and secretary of the Consolidated Building & Loan Association, in which Henry T. Barnhart had stock on and prior to November 13, 1895, the plaintiff then offered in evidence a transfer of the stock, which was admitted in evidence, and the admission thereof is alleged to be error.

Objected to as incompetent and irrelevant, and objected to further that the party to whom the alleged transfer is made is not produced, and ought to be produced.

The Court: For the reasons given in ruling upon a previous offer the objection is overruled, and an exception noted for the defendants. [6]

J. W. Grantham, one of the defendants, called as for cross-examination (on part of plaintiff).

Objected to, that he cannot be called for cross-examination as against his wife.

The Court: The testimony thus far proves that he was the transacting agent for his wife in this whole transaction, and he is a party of record. I think he can be called as for cross-examination.

Objection overruled, and exception noted for the defendants. [7]

Plaintiff's counsel proposes to prove by the witness on the stand (A. L. Austin) that J. W. Grantham, one of the defendants, and husband of J. A. Grantham, the other defendant, called on him in the year 1896, after title to the property in suit had been put in Julia A. Grantham, and requested the witness to become the agent for this property, and to collect the rents therefor, and to remit to him, J. W. Grantham, which he did; and that he also asked him at the same time, to be-

come the agent for Henry T. Barnhart for some real estate
standing in Barnhart's name, situated on Margaretta street,
and told him that Barnhart would write to him about that
property; that subsequently Barnhart did write to him about
that property, and that he continued to collect the rents of that
property for a considerable time, and transmitted the same to
Barnhart; this for the purpose of showing a conspiracy and
arrangement between Barnhart and J. W. Grantham, who
was then acting as agent for his wife, to manage both proper-
ties in such a way as to cheat and defraud the plaintiff.

Objected to, first, that the proposed evidence does not tend
to sustain the purpose for which it is offered; second, that it is
incompetent and irrelevant; third, that even if it had the effect
claimed for it, it is incompetent and irrelevant as affecting Mrs.
Julia A. Grantham, the substantial defendant in this case.

The Court: The contention on the part of the plaintiff is,
that Mrs. Grantham never paid any money on that mort-
gage; that the whole thing was arranged by her husband with
Barnhart to cheat his creditors, and that Mrs. Grantham did
not pay any money, and this whole thing was a fraud. This
evidence bears on that, and in that aspect of the case the evi-
dence is competent. The objection is overruled, and excep-
tion noted for defendants. [8]

Thereupon the witness testified as follows:

Mr. Yost: " Q. Now, Mr. Austin, will you state briefly
what he said to you about renting these two properties, the
one on Margaretta street, which was in Barnhart's name, and
the one on Pitcairn street, which had then been placed in his
wife's name? A. He came into my office, he and Mr. Wil-
liam Husband, and placed the property in my hands for rent,
and he asked me to take the property for rent, or to take the
property and rent it. He said that Mr. A. B. Price was in the
property at that time, and I think at that time there was an
understanding on that mortgage — "

Objected to.

" Q. Just what he said. A. Well, that's what he said."

The Court: " Q. State what he said. A. There was an
understanding — "

Objected to.

" Q. What did he say. A. He placed the property in my

hands for rent at what I thought the property should rent at, and he told me to write, I think, to his father, Henry T. Barnhart, and he would let me know about the other property."

Mr. Ferguson. " Q. To whose father.    A. Henry T. Barnhart's father.

Plaintiff's counsel offers in evidence judgment of Julia A. Grantham against Henry T. Barnhart at D. S. B. No. 63, February term, 1896, being a judgment note for $2,300, this being offered in connection with the transaction under investigation in this suit, the assignment of the mortgage.

Objected to as incompetent and irrelevant.

Objection overruled, and exception noted for defendants. [9]

Defendants' counsel moves the court to strike from the record all evidence offered on the part of the plaintiff under the allegation that it tended to show fraud on the part of either of the defendants in collusion with the husband of the plaintiff, for the reason that there is no sufficient evidence to show any such thing.

Motion refused, and exception noted for defendants. [10]

Plaintiff's counsel offers in evidence the record of the court of common pleas No. 2, of Allegheny county, in a certain suit, being a feigned issue, entitled "Ella C. Barnhart versus Julia A. Grantham, at vend. ex. No. 184, January term, 1897," for the purpose of showing that in said suit, wherein the present plaintiff was plaintiff and Julia A. Grantham, one of the present defendants (and in whom the other defendants assert title), was defendant, a final judgment was recovered by the plaintiff in said issue, which was "whether a certain judgment of the court of common pleas No. 3, of said county, at D. S. B. No. 63, February term, 1896, wherein said Julia A. Grantham is plaintiff and Henry T. Barnhart is defendant, was had to delay, hinder or defraud said Ella C. Barnhart of her alimony and costs in her suit or action against said Henry T. Barnhart in this court at No. 617, January term, 1895, and whether said judgment is fraudulent and void as against said Ella C. Barnhart, and her decree for alimony and costs in her said suit; " which was affirmed by the said plaintiff and denied by the said defendant in said issue; this being preceded and to be followed by other evidence, showing that the giving of the judgment note, upon which said fraudulent judgment was en-

tered, was embraced in one transaction with the assignment by the said Henry T. Barnhart to the said Julia A. Grantham of the mortgage from A. B. Price to said Barnhart, recorded in mortgage book, vol. 649, page 581, upon the property in suit, and as tending to show that the said assignment was also fraudulent and void, and without consideration, and made for the same purpose as the said note and judgment.

Objected to as incompetent and irrelevant.

The Court: I will resolve the doubt in my mind in this case in favor of the defendant. If there was a fraud in one case, it is likely there was in both; yet it may be that the purchase of the mortgage was an honest transaction, and the taking of the judgment note for a loan, or pretended loan, was a fraud. While the whole transaction is for the consideration of the jury, yet the verdict in the loan case is hardly evidence of a fraud in this case.

Objection sustained and exception noted for the plaintiff. [11]

Defendants' points were as follows:

1. That under all the evidence in this case the verdict must be in favor of her, the said Julia A. Grantham. *Answer:* Refused. [1]

2. That under all the evidence in the case, the verdict must be against the plaintiff. *Answer:* Refused. [2]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3–11) rulings on evidence, quoting the bill of exceptions.

*J. S. Ferguson,* with him *E. G. Ferguson,* for appellants.

*William Yost,* for appellee.

OPINION BY MR. CHIEF JUSTICE MCCOLLUM, Jan. 7, 1901:

Henry T. Barnhart married the plaintiff in this suit on April 25, 1894. Seven months later an information was made against him for adultery; he was arrested on November 20, 1894, convicted on December 13, 1894, and sentenced on December 15, 1894, to one year's imprisonment and a fine of $500 and costs. On December 6, 1894, a libel for divorce a mensa et thoro with alimony was filed by his wife, Ella C. Barnhart,

Her husband by filing an answer demanding a bill of particulars and finally demanding a jury trial, delayed the cause until September 30, 1896, when a decree was entered for $1,250, for support pendente lite, fees and costs with alimony from that date at $550 per annum. The jury trial he was so desirous of having, he failed to attend. In the mean time his available assets were disposed of by him in such a manner as he evidently supposed would prevent his wife from obtaining any support from him. The assets disposed of by him between his arrest and trial amounted to over $8,000. It seems to be conceded by the counsel of the appellants in the case at bar that Barnhart's transactions relating to the disposition of his property between the time of his arrest and trial were designed to defeat the claims of his wife. Of course his fraudulent purpose respecting her would be of no account against a participant in any of the transactions who was not cognizant of that purpose. It therefore devolved upon the plaintiff in this action to show by competent evidence that the defendants or either of them had knowledge of Barnhart's purpose when they became participants in the transactions hereinbefore referred to. The matters to be considered and passed upon on this appeal are (1) whether the evidence was sufficient to warrant a submission of the case to the jury, and (2) whether there was error in the charge, or in the rulings upon offers of evidence which were admitted or rejected. In the first and second assignments the appellants complain of error in the refusal of the court to affirm their first and second points. The import of the refusal was that the evidence required the submission of the case to the jury. A careful examination of all the testimony has satisfied us that no error was committed by the court in the refusal aforesaid. We therefore dismiss the first and second assignments. The tenth assignment is substantially the same as the assignment dismissed and may be considered as in the same category. Assignments three, four, five, six, eight and nine require no special consideration, and we fail to find in the testimony admitted under the defendants' objections any cause for a reversal of the judgment. In the seventh assignment it is claimed that the court erred in allowing a cross-examination of J. W. Grantham. It is conceded that Grantham was the agent for his wife in all their transactions with Barnhart in reference to the properties

in which they appeared to be interested. It is a fact established by the testimony that Mrs. Grantham became a party to all the dealings with Barnhart by her husband's direction, and that whatever she did concerning them was not only approved but prompted by him. Besides it is not clear that the agent was without an interest in the transactions relating to the properties in question. In the allowance of the cross-examination objected to, we find no error. The eleventh assignment furnished no just ground for criticism of the charge. All the assignments of error are overruled.

Judgment affirmed.

MITCHELL and BROWN, JJ., dissent.