## Frasso v. Doyno, Papilli et al.

*Aiken & Braham*, for plaintiff.

*William McElwee, Jr.*, and *Alvah M. Shumaker*, for defendants.

HILDEBRAND, P. J., July 31, 1929.—In an action of ejectment, on trial of the case, the court directed a verdict for the defendants. Plaintiff's motion for a new trial has been argued before the court *in banc*, Frank E. Reader, President Judge of the 36th judicial district, sitting in place of James A. Chambers, J., who was disqualified by reason of his having previously been of counsel in the case.

The action was instituted April 1, 1927. Joseph Papilli, defendant, had conveyed his interest in the land which is the subject of the suit to his wife, Josephine Papilli, by deed dated Dec. 16, 1926, and recorded in the Recorder's Office of Lawrence County, Pennsylvania, on Dec. 28, 1926. Antonio Doyno died on Aug. 5, 1927. Previous to his death, plaintiff had taken Doyno's testimony as under cross-examination by deposition. On Aug. 31, 1927, Joseph Papilli, showing to the court his conveyance of his interest in the land to his wife previous to the entry of suit, filed his disclaimer.

On the trial of the case in February, 1929, plaintiff offered in evidence the deposition of the deceased defendant, Antonio Doyno [which was admitted], and then offered himself as a witness. It being objected that, one of the defendants being dead, the plaintiff was incompetent as a witness, the objection was sustained. The plaintiff was then offered as a witness against the defendant, Josephine Papilli. A like objection having been made, this objection also was sustained. Plaintiff also offered to call Joseph Papilli as under cross-examination. This was opposed for the reason that Papilli was no longer a defendant, he having filed disclaimer, and that he was incompetent because his wife was a defendant. The witness then being offered generally as plaintiff's own witness, objection was made that he could not be called as a witness against his wife. The objections of the defendants were sustained. The rulings of the court on the offers of plaintiff and Papilli as witnesses are assigned as error in plaintiff's motion for new trial.

It seems to be agreed that, under the general provisions of section 5, clause (e), of the Act of May 23, 1887, P. L. 158, the plaintiff is rendered incompetent. However, plaintiff contends that the case falls within the following exception: "Unless the proceeding is by or against the surviving or remaining partners, joint promisors or joint promisees, of such deceased or lunatic party, and the matter occurred between such surviving or remaining partners, joint promisors or joint promisees and the other party on the record."

A reading of the exception appears to us to clearly show that it does not take the plaintiff out of the general provisions of the act rendering him incompetent. The suit is not against Antonio Doyno's "surviving or remaining partners, joint promisors or joint promisees." Antonio Doyno was a defendant, and plaintiff contends that the executor of said Antonio Doyno, the Cleveland Trust Company, was properly made a party to the suit. The other defendants were in no manner partners, joint promisors or promisees of Antonio Doyno. We are well satisfied there was no error in our conclusion on the trial that Frasso was incompetent as a witness generally and incompetent as against Josephine Papilli alone.

Plaintiff, however, contends that he was competent as a witness under the Act of June 11, 1891, P. L. 287. No authority is cited for this position, and we think it cannot be sustained. That act renders a party competent as to matters occurring before the death of the adverse party, where one who is living at the time of trial and competent to testify does testify to matters occurring between himself and the adverse party. Had defendants here called a witness to testify to matters happening before the death of Antonio Doyno between the witness and Frasso, and such witness had testified to such matters, then Frasso would have been rendered a competent witness as to the matters concerning which testimony had been offered. In the present case the defendant called no such witness. Plaintiff contends that his own offering of the testimony as of Antonio Doyno taken under cross-examination rendered the plaintiff competent. Had this testimony been offered by defendant, plain-

tiff would have been rendered competent. This testimony, however, did not get into the case in the way of defense, but it was offered by plaintiff as drawn from Antonio Doyno under cross-examination in the aid of plaintiff's cause. It was not offered against Frasso, but by himself in his own behalf. We conclude that plaintiff's position as to his own competency as a witness is wholly untenable: Steel v. Snyder, 295 Pa. 120, 129; Wright v. Hanna, 210 Pa. 349; Montelins v. Montelins, 209 Pa. 541; Aaron v. Smith, 90 Pa. Superior Ct. 565.

In refusing to allow Joseph Papilli to be called by the plaintiff as under cross-examination, we based the ruling partly on the conclusion that he was not a party to the suit, this conclusion being based upon section 2, Rule 11 of our Common Pleas Rules relating to ejectment, which provides as follows: "Where the defendant, or one of several, disclaims title and denies possession of the land claimed in the action, he shall file his affidavit to that effect; and unless the plaintiff traverse the denial of possession by affidavit filed, the cause shall stop as to all who disclaim."

Plaintiff complains of the injustice of permitting Papilli by disclaimer to put himself beyond the reach of plaintiff's cross-examination. More obvious would be the injustice of permitting him to be made a party, although the record showed he had no interest in the land, in order that he might be subjected to plaintiff's cross-examination. The action had stopped as to Papilli, and he was no longer a party to the suit so as to permit of his being called under cross-examination.

In support of his contention that we should have permitted Joseph Papilli to testify as a witness, either as under cross-examination or as plaintiff's witness, plaintiff cites Barnhart v. Grantham, 197 Pa. 502. This case seemingly supports plaintiff's position, but search fails to show that the case has ever been cited as authority by either of the appellate courts. It is to be noted, too, that Justices Mitchell and Brown dissented from the opinion filed.

Opposed to the case of Barnhart v. Grantham, supra, we have the rule laid down in Canole v. Allen, 222 Pa. 156, 159, and repeated in Ulrich's Case, 267 Pa. 233, 238, that a husband and wife are rendered incompetent as witnesses against each other by section 5 (c) of the Act of May 23, 1887, P. L. 158, the court there saying: "Our Act of May 23, 1887, P. L. 158, defining competency is more than confirmatory of the common law rule; it declares in express terms that neither shall be permitted to testify against the other, a prohibition of which both the parties to the suit, and the trial judge as well, are bound to take notice. Connivance by the parties cannot evade it, nor can indulgence by the court."

In Canole v. Allen, supra, it was held to be immaterial whether the husband was or was not a co-defendant. The disability to testify against the wife was held to be the same in either case. In that, as in the present case, the offered testimony of the husband was directed against the wife, and its purpose was to make out a case against her. It appears clear to us that Papilli was a wholly incompetent witness.

Having found no merit in any of the reasons assigned for a new trial, plaintiff's motion must be refused.

Now, July 31, 1929, plaintiff's motion for a new trial is overruled and refused and judgment is directed to be entered on the verdict on payment of the jury fee.