## FEDERAL DEPOSIT INS. CORP. v. ALTER et al.

Civ. No. 10514.

United States District Court
W. D. Pennsylvania.

July 31, 1952.

George R. Craig (of Shrum, Harrison & Craig), Pittsburgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This is a motion to overrule an objection and compel a party to answer oral interrogatories on deposition.

Federal Deposit Insurance Corporation, plaintiff, has filed its complaint against

four defendants: Charles R. Alter, Mary B. Alter (his wife), Edward H. Blackburn and S. J. Rygiel. The Complaint alleges that each of the four defendants was a director of the Parnassus National Bank during periods therein specified and that defendant Charles R. Alter was also president of said bank during the period therein specified. The Complaint further alleges that each of the four defendants, as directors of the bank, and particularly Charles R. Alter as president thereof, knowingly and intentionally violated and permitted to be violated various statutes of the United States regulating the conduct of the business and affairs of the bank and negligently failed to exercise ordinary care and diligence over its affairs, as a result of which the bank suffered direct losses in excess of $600,000 due to various dishonest and fraudulent acts on the part of one Ludwig R. Schlekat, an officer and employee thereof.

The Complaint also alleges that defendant Charles R. Alter entered into an agreement with one H. A. Westerman whereunder Charles R. Alter agreed to sell and H. A. Westerman, as agent for undisclosed principals, agreed to purchase 545 shares of the capital stock of said bank for $254,-500, that the said sale was consummated and the net proceeds thereof ($246,865) paid to Charles R. Alter and by him deposited to his personal checking account in said bank; and that the said $246,865 received by Charles R. Alter as aforesaid had been abstracted and embezzled from the very bank of which Charles R. Alter was then president and whose depositors he was duty-bound to protect.

The Complaint further alleges that the defendants knowingly permitted Charles R. Alter to wholly dominate the affairs of the bank, permitted him to fix the number of directors thereof and to name the persons who should serve as directors, and thus permitted him to dominate the Board of Directors of the bank as well.

The Complaint prays that the sale of the 545 shares of stock in the bank be vacated and set aside; that defendants Charles R. Alter and Mary B. Alter be required to pay to plaintiff as purchaser of the bank's rights therein the sum of $254,500 embezzled from the bank in exchange for said shares of stock; and that judgment be rendered against each of the defendants for such losses as have been occasioned by their illegal or negligent acts (alleged to be $600,000).

By reason of a most serious physical ailment from which defendant Charles R. Alter suffers, which may render his appearance for trial somewhat dubious if not impossible, the Federal Deposit Insurance Corportion sought to proceed by way of deposition.

Upon such examination Charles R. Alter testified that he was one of the defendants in the subject proceedings, that he was the husband of Mary B. Alter, a co-defendant in the same proceedings, and that he was not employed at the present time. Thereupon, and before examination could continue further, defendant's counsel, who were also counsel for his wife, Mary B. Alter, for and on behalf of Charles R. Alter and Mary B. Alter, husband and wife and co-defendants in this case, objected to the said Charles R. Alter being called to testify in a proceeding against his wife. Defendant's counsel also instructed defendant not to answer any further questions propounded to him at that time.

Defendants Charles R. Alter and Mary B. Alter contend that that provision of the Pennsylvania Code which renders a husband and wife incompetent to testify against each other is applicable, and serves as a bar to further interrogation of either defendant upon oral deposition or otherwise. 28 Pa.P.S. § 317.

Undoubtedly, the common law principle that husband and wife are incompetent to testify against each other is the rule of general application. This rule has never been relaxed. On the contrary, it has been re-enforced and guarded from invasion by statutory enactment. Canole v. Allen, 222 Pa. 156, 70 A. 1053; Callendar v. Kelly, 190 Pa. 455, 42 A. 957; Novic v. Fenics, 337 Pa. 529, 11 A.2d 871.

More particularly, in criminal proceedings the courts have meticulously and zealously adhered rigidly to this rule. Brunner v. United States, 6 Cir., 168 F.2d 281.

■ Nevertheless, the public policy which protects as confidential the private communications or acts between husband and wife does not necessarily extend to those communications and acts which are in furtherance of a fraud, where such proceeding is based upon a civil action. Fraser v. United States, 6 Cir., 145 F.2d 139.

It is my firm belief that the allegations of the complaint together with the inferences to be drawn from them constitute the essential requisites of fraud. Fraud, in its general sense, comprises all acts, omissions, and concealments involving a breach of legal or equitable duty, trust, or confidence and resulting in damage to another. Connolly v. Gishwiller, 7 Cir., 162 F.2d 428; Moore v. Crawford, 130 U.S. 122, 9 S.Ct. 447, 32 L.Ed. 878.

I do not intend, however, to premise my ruling upon the inferences which I have gleaned from the pleadings, especially when the allegation of fraud is not directly and categorically presented.

The cloak of immunity surrounding the husband and wife relationship, rooted as it is, in the ground of sound public policy, is not to be cast aside lightly.

The rule, however, has never excluded the testimony of either spouse when such testimony is not directed against each other.

■ The fact that the husband and wife are co-defendants does not, of itself, render either of them immune from being called as for cross-examination by the plaintiff. The test is whether one testifies against the other. Kerr v. Clements, 148 Pa.Super. 378, 25 A.2d 737; Canole v. Allen, supra.

■ In the instant case Charles R. Alter alone was president of the bank. He alone entered into the agreement with Westerman for the sale of the stock. The proceeds of the sale went into his own personal bank account. He alone received proceeds of the embezzlements, and, in many other respects, he alone is involved as a defendant. That being the case, there are many matters as to which he can be examined without his being called upon to testify against his wife.

Charles R. Alter's testimony as to the day-to-day operations of the bank would hardly be against his wife as a director, but would more likely affect only himself as such operating head. The plaintiff is certainly entitled to know, in advance of the trial, what books the bank kept, by whom they were kept, the significance of entries therein, the duties of the various employees of the bank, etc., and the obvious source for such information in this case is the operating head of the bank, Charles R. Alter. The plaintiff is likewise entitled to know, in advance of the trial, the circumstances surrounding the transaction by which Charles R. Alter received and deposited to his own personal account $246,-865 in funds embezzled from the bank of which he was then the operating head, and he is the obvious source to which to look for this information.

The virtual impossibility of determining in advance what portion of Charles R. Alter's testimony on deposition would be against his wife, if any; what portion would support the position taken by his wife; and what portion would pertain to matters which are not even in dispute points to a reasonable solution to the problem now before the Court.

If privileged matter be adduced, objection thereto may be made prior to trial, and the Court shall direct that all such privileged matter be stricken.

Until such time as this Court has expunged any and all privileged matter of either Charles R. Alter or Mary B. Alter from depositions to be taken in this proceeding, special and meticulous precaution will be exercised to prevent such privileged matter from becoming circularized or in any way prejudicing their defense.

It shall be decreed that:

After said depositions have been transcribed, they shall be sealed by the respective officers taking the depositions and they shall be returned to the Clerk of this Court, to be kept under seal until the further order of this Court.

The officers taking the depositions shall not furnish copies to any person except, if so requested, to counsel for the Federal Deposit Insurance Corporation, and counsel for defendants.

Any other party in interest desiring a copy of any or all of the depositions shall make application therefor to the Court.

Persons entitled to receive copies of the depositions or who are present when they are taken shall not disclose the contents of the depositions to any persons who are not their agents, attorneys, or members of their respective organizations.

Motion is granted.