453 A.2d 998

**Wilma M. KRENZELAK, Appellant,**

v.

**Chester KRENZELAK and Stanley Krenzelak.**

Superior Court of Pennsylvania.

Argued April 28, 1982.

Filed Dec. 10, 1982.

Petition for Allowance of Appeal Granted Feb. 10, 1983.

500

Robert Ceisler, Washington, for appellant.

W. Bryan Pizzi, II, Washington, for appellees.

Before CERCONE, President Judge, and BECK and MONTEMURO, JJ.

CERCONE, President Judge:

Wilma M. Krenzelak appeals the order of the lower court sustaining appellees' preliminary objections to her complaint in equity. The issue for our determination is the applicability of the new Divorce Code of Pennsylvania,[1] (hereinafter referred to as "the Code") to a conveyance for no monetary consideration by appellee Chester Krenzelak to his son by a previous marriage, appellee Stanley Krenzelak on March 25, 1980. This property is a seventy-four acre tract located in Morris Township, Washington County, and was purchased by Chester on January 29, 1968, during his marriage to Wilma. At all times the property was in Chester's name only.

Appellee-husband filed an action in divorce against appellant-wife in April 1978, and she filed against him in April, 1979. The transfer of property from father to son, which is the subject of this appeal, occurred on March 25, 1980. Thereafter, the Code went into effect on July 1, 1980. Under Section 103 of the Code, appellant petitioned the Court in January 1981 to have her existing divorce action governed by the provisions of the new Code.[2] The petition was unopposed, and permission was granted to proceed under the Code. Appellant then amended her original complaint in divorce to ask for equitable distribution and other appropriate relief. In March of 1981, a suit in Equity was

---

1. Act of April 2, 1980, P.L. 63, § 101 et seq., 23 P.S. § 101 et seq. (Supp.1982–83) (effective July 1, 1980).

2. *Cf. Toll v. Toll,* 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981) (order granting application to proceed under the Divorce Code not immediately appealable) and *Gordon v. Gordon,* 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981) (order denying application to proceed under Divorce Code immediately appealable).

filed to set aside the conveyance of the property from the appellee-husband to appellee-son. The complaint alleged that the property transfer was made solely to deprive appellant of her right to distribution of marital property. Appellees filed Preliminary Objections to the Complaint in the form of a demurrer arguing that appellant failed to state a cause of action upon which relief may be granted because at all time the property was owned only by appellee-husband, individually. The lower court sustained the Preliminary Objections. It reasoned that the new Divorce Code could not be applied retroactively and thereby refused to characterize the property as "marital property". The court's characterization rendered this property not subject to equitable distribution upon termination of the marriage. Because we feel the instant situation is controlled by the recent case *Bacchetta v. Bacchetta*, 498 Pa. 227, 445 A.2d 1194 (1982), we reverse and remand for proceedings consistent with this opinion.

The *Bacchetta* case confronted our Supreme Court with the issue of whether the new Divorce Code subjected property acquired during the marriage of the parties, but before the effective date of the Code, to be classified as marital property for purposes of equitable distribution upon termination of the marriage. The Court, in a 4–3 decision, opinion by Justice Roberts, found direction from the Legislature that all property acquired during the marriage of the parties shall be subject to the equitable distribution provision of the Divorce Code. The Court further concluded that this application was constitutionally permissible.

■ Section 103 of the Code states that all provisions of the Code shall apply to those actions governed by the Code. It provides:

> The provisions of this act shall apply to all cases, whether the causes for divorce or annulment arose prior or subsequent to enactment of this act. The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted,

notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act.

23 P.S. § 103.

As appellant in this case made application to proceed under the Code, to which appellee-husband made no opposition, all provisions of the Code must apply to this case.

■ Initially, Section 401(c) grants full equity power and jurisdiction in all matrimonial cases to the court of Common Pleas, including the power to grant relief against any third party over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause. Section 401(e) defines marital property subject to equitable distribution as "all property acquired by either party during the marriage." Excluded from this definition is property which "a party has sold ... in good faith and for value prior to the time proceedings for the divorce are commenced." Section 401(e)(5). However, the property in this case was conveyed on March 25, 1980, for no monetary consideration, almost two years after the grantor filed for divorce and eleven months after appellant filed her divorce action. Thus, the property falls within the definition of marital property. Additionally, Section 403(d) authorizes a nullification of any disposition of property by a party to a third person, which person had notice of the pending divorce or who paid "wholly inadequate consideration" for the property. Appellant sought to have the instant conveyance set aside pursuant to this provision.

■ While this case proceeds a step forward from *Bacchetta* in that it involves a third party who now purports to own the property, this Court perceives no reason to withhold retroactive application of a provision in the Divorce Code from this situation which may involve the divesting of

property rights of appellee-son.[3]  It must be noted that prior to the enactment of the Divorce Code, when property distribution was governed by principles of the common law, a conveyance from one spouse to a third person could be set aside if that spouse could be shown to have disposed of the property with an intent to defraud the other spouse of his or her rights.  See *In re Montague's Estate,* 403 Pa. 558, 170 A.2d 103 (1961); *Barnhart v. Grantham,* 197 Pa. 502, 47 A. 866 (1901).  Therefore, retroactive application of Section 403(d) cannot be regarded as intolerably burdensome to the parties in this case, since the transaction between father and son would be subject to court scrutiny even if the Divorce Code were not applicable.[4]  Further, it would be anomalous to apply one section of the Code retroactively, while refusing the same application to another section.  To do so would thwart the stated purpose of the Divorce Code, to "effectuate economic justice between parties who are divorced or separated and . . . [to] insure a fair and just determination and settlement of their property rights."  Section 102(a)(6). In view of this stated purpose, it must be concluded that the legislative proscription against property transfers during divorce proceedings for inadequate consideration includes transfers occurring prior to July 1, 1980, the effective date of the statute, if the parties are proceeding under the dictates of the Divorce Code.

The lower court sustained appellees' Preliminary Objections because it found a retroactive application of the Divorce Code to the within transfer would be unconstitutional. To avoid such a result, the lower court construed the code to apply to the parties' financial and proprietary situation as it existed on the day when appellant was granted permission

---

**3.** Of course, disposition of this case on the merits remains in the first instance with the trial court.  We hold only that the Divorce Code is applicable to the instant situation.

**4.** This pre-Code remedy is discussed to counter appellees' contention that "a pre-Code transfer in this manner was legitimate and would be subject to no challenge by appellant whatsoever." Thus, appellees' reliance on the validity of their transaction in a pre-Code light may be misplaced.

to proceed under the Code, that is, in January of 1981. Following *Bacchetta,* we find that the parties' situation must be considered as it existed during the marriage up to the date of the first divorce filing, that is, at a time when appellee-husband still owned the property.[5] We find further that such a retroactive application is constitutional as a proper exercise of the Legislature's police power in providing for the distribution of property upon divorce. In *Bachetta,* the court noted that police power

> " 'is one of the most essential powers of government. . . . '
>
> *Hadacheck v. Sebastian,* 239 U.S. 394, 410, 36 S.Ct. 143, 145, 60 L.Ed. 348 (1915). The police power is fundamental because it enables 'civil society' to respond in an appropriate and effective fashion to changing political, economic, and social circumstances, and thus to maintain its vitality and order." See e.g., *Mugler v. Kansas,* 123 U.S. 623, 668, 8 S.Ct. 273, 301, 31 L.Ed. 205 (1887)." *Bacchetta, supra,* 498 Pa. at 233, 445 A.2d at 1197, quoting from *National Wood Preservers, Inc. v. Commonwealth of Pa., Dept. of Environmental Resources,* 489 Pa. 221, 231, 414 A.2d 37, 42 (1980).

Due process requires that an exercise of police power be reasonable and that it have a real and substantial relation to the objective sought to be obtained. The *Bacchetta* court found that the means selected by the Legislature to mitigate economic harms upon divorce unquestionably withstand constitutional scrutiny. It cited the Code's factors for a Court to consider in exercising its discretion regarding equitable distribution. The Court also set forth the requirement that the lower court explain and support its decisions on the record.

Referring to the marital property provision as effective and carefully tailored, the court applied it to property ac-

5. In this case a divorce action had been pending since the filing of the husband's action in April of 1978. An application to proceed under the Code determines the outcome of any "action pending" once it is granted. 23 P.S. § 103.

quired before the Code's effective date. We are now constrained to apply the provisions of the Code which underlie the instant proceeding, that is Sections 401(c), 401(e), and 403(d) to the property conveyed by appellee-husband to appellee-son. Therefore, we reverse and remand to the trial court for proceedings consistent with this opinion.

Order reversed and record remanded. Jurisdiction is relinquished.