## Tharp v. Tharp

*Jack C. Younkin,* for plaintiff.
*Myron M. Moskowitz,* for defendant.

KREHEL, *P.J.,* November 7, 1984—Today, this court decides the narrow issue of whether the divorce action between these parties acts as a lis pendens to the present equity action. Plaintiff and defendant are husband and wife. They owned certain property, which contained the marital residence and was located at 29 East Sunbury Street, Shamokin, Northumberland County, as tenants by the entireties, from December 31, 1970 to March 18, 1983. On March 18, 1983, plaintiff and defendant executed a deed conveying the property to defendant as sole grantee. In August, 1983, plaintiff left the marital home at defendant's direction, and the parties have lived separate and apart ever since.

On August 3, 1984, plaintiff filed a complaint in equity seeking a reconveyance of the property, an accounting by defendant of the rental income from the property, and a resulting trust or equitable lien in favor of plaintiff. Plaintiff alleges that at the time he signed the deed, he was mentally incapacitated to such a degree that he was unable to appreciate the nature of the deed or the consequences of signing it. He wants to undo his deed.

On September 11, 1984, defendant raised preliminary objections in the nature of a lis pendens, asserting that the equity action is precluded by a pending divorce action, filed on December 13, 1983, to Northumberland County, no. CV-83-2086.

The defense of lis pendens, the pendency of a prior action, is sustainable when the current and prior actions are identical with respect to: (1) the parties; (2) the rights asserted; and, (3) the relief requested. To support a defense of lis pendens, respondent carries the burden of proving the identity of parties,

rights asserted, and relief requested. Hessenbruch v. Markle, 194 Pa. 581, 45 Atl. 669 (1900); Commonwealth ex rel. Lindsley v. Robinson, 30 Pa. Commw. 96, 372 A.2d 1258 (1977).

Defendant asserts that since sections 401(c) and 401(d) of the Divorce Code, April 2, 1980, P.L. 63, §101 et seq., 23 P.S. §101 et seq., give the court involved with the divorce "full equity power and jurisdiction," including matters surrounding the equitable distribution of marital property, this court should stay this equity action pending the determination by the master in divorce of whether the property involved here constitutes marital property.

However, property acquired after the separation of the parties and until the date of divorce is clearly not marital property. 23 P.S. §401(e)(4). It is not in the interest of judicial economy, nor in the interest of the parties, in achieving a certain and speedy disposition of this matter, to stay this equity action until a master can categorize this property as marital or nonmarital, if this court can easily categorize the nature of the property at this point in time. Its identity leaps out of the verbiage by definition.

It is obvious that much of the rental income, of which plaintiff requests an accounting has accrued after the separation of the parties. As such, under section 401(e)(4) of the Divorce Code, 23 P.S. §401(e)(4), it would not be marital property, and therefore, this property is not covered by the jurisdiction of the divorce court

The cases cited to us by defendant are inapposite. We agree with defendant that in Platek v. Platek, 309 Pa. Super. 16, 454 A.2d 1059 (1982), the court held that marital property should be distributed under equitable distribution rather than a partition action. However, this court decides today that this

property is not marital property, and, therefore, Platek does not apply.

In Gee v. Gee, 314 Pa. Super. 31, 460 A.2d 358 (1983), the court decided that the husband was to pay the wife one-half of the fair market rental value of the marital home for each month she resided elsewhere following their separation. In this case, plaintiff requests an accounting of the rental *income* from the five apartments located at 29 East Sunbury Street, Shamokin, not merely the fair market rental value of the marital residence itself. Therefore, Gee does not apply here.

Kramer v. Kramer, 110 Montgomery Co. Law Rptr. 135 (1982), was decided before Platek, supra, and as plaintiff's counsel points out, that case might be decided differently today.

Krenzelak v. Krenzelak, 307 Pa. Super. 449, 453 A.2d 998 (1982), was vacated by our Supreme Court as 503 Pa. 373, 469 A.2d 987 (1983), and deserves no further comment.

This court's previous decision in Bingaman v. Bingaman, 55 Northumberland L.J. 75 (1983), is distinguishable in two major respects: first, the couple in Bingaman was separated at the time of the transfer; and, second, the master in Bingaman had already determined that the transfer was invalid and that the wife was entitled to a share of the proceeds from the property as part of the equitable distribution.

So, in the case at bar, although the parties in the equity and divorce actions are the same, our decision that the property involved is not marital property results in the conclusion that the divorce court does not have jurisdiction over the property and cannot grant the relief requested. The relief sought here would not be the same as that sought in the di-

vorce action. Lis pendens, therefore, does not apply. Accordingly, this court enters the following

## ORDER

And now, this November 7, 1984, defendant's preliminary objections in the nature of a lis pendens are dismissed.

Defendant shall have 20 days to file a responsive pleading.