Thomas BROWN, and Joan Ann Brown, Plaintiffs,

v.

Joseph J. SCAFIDI, Esquire, et al., Defendants.

Civ. A. No. 92–2172.

United States District Court, E.D. Pennsylvania.

Dec. 20, 1993.

---

Manuel A. Spigler, Giacobetti, Gross, Goldfarb & Spigler, Philadelphia, PA, for plaintiffs.

Bradford M. Brush, Arthur W. Lefco, Mesirov, Gelman, Jaffe, Cramer & Jamieson; and Joseph M. Toddy and Frederic Roller, Margolis, Edelstein & Scherlis, Philadelphia, PA, for defendants.

### MEMORANDUM

ROBERT F. KELLY, District Judge.

Before the Court is Plaintiff Thomas Brown's Motion *In Limine* to Preclude or Strike the Testimony of his wife, Joan Ann Brown.[1] For the reasons that follow, Mr. Brown's Motion is denied.

Plaintiffs Thomas and Joan Ann Brown commenced this action against Joseph Scafidi and the law firms that employed him for legal malpractice and fraud in connection with their representation of the Browns in connection with a personal injury claim.[2] In the Complaint, the Browns contend that Mr. Brown was seriously injured in an accident which occurred on February 21, 1989, and that he was disabled as a result of the injuries. The Complaint further asserts that Defendants failed to provide competent and skillful representation, which prevented the Browns from fully recovering for their injuries.

During discovery in this matter, Mrs. Brown came forward with testimony that her husband's claimed injuries were fraudulent. Mrs. Brown testified in deposition that Mr. Brown's claimed injury of February 21, 1989 is not a new injury, but is actually the same injury that he suffered while living in Colorado in 1980. According to Mrs. Brown, she and her husband conspired to withhold information concerning this prior injury from physicians and lawyers. Moreover, she claims that her husband is not disabled as a result of this current alleged injury. Mrs. Brown further testified that the legal malpractice claim against Defendants is also fraudulent.

In his motion to preclude his wife's testimony, Mr. Brown asserts the Pennsylvania spousal privilege. Rule 501 of the Federal Rules of Evidence states, in part: "[I]n civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof, shall be determined in accordance with State law." Fed.R.Evid. 501. In accordance with the mandate of Rule 501, Pennsylvania law controls this issue. *Samuelson v. Susen*, 576 F.2d 546, 549 (3d Cir.1978).

---

1. Mr. and Mrs. Brown have at all relevant times been married and remain married. However, they have been separated for some time.

2. Mrs. Brown is a named Plaintiff in this action because she asserts a loss of consortium claim.

Mr. Brown asserts two privileges that the Pennsylvania legislature has enacted relating to spousal testimony. One statute, 42 Pa. C.S.A. § 5924, limits the right of spouses to testify against each other, and the other, 42 Pa.C.S.A. § 5923, prohibits either spouse from testifying about confidential communications made during a marriage.

## I. *Testimony Against a Spouse*

Mr. Brown asserts that Mrs. Brown's testimony is inadmissible because spouses are not allowed to testify against each other under Pennsylvania law. 42 Pa.C.S.A. § 5924. The statute states:

**(a) General Rule.**—In a civil matter neither husband nor wife shall be competent or permitted to testify against each other.

**(b) Exception.**—Subsection (a) shall not apply in an action or proceeding:

(1) For divorce, including ancillary proceedings for the partition or division of property.

(2) For support or relating to the protection or recovery of marital or separate property.

(3) For custody or care of children, including actions or proceedings relating to visitation rights and similar matters.

(4) Arising under 23 Pa.C.A. Ch. 61 (relating to protection from abuse).

(5) When a statute heretofore or hereafter enacted applicable to the action or proceeding provides either expressly or by necessary implication that spouses may testify therein against each other.

42 Pa.C.S.A. § 5924.

It is Mr. Brown's position that the terms of the statute are clear and render his wife's testimony inadmissable. However, Defendants point to several decisions that have recognized a fraud exception to the spousal privilege. *Barnhart v. Grantham*, 197 Pa. 502, 47 A. 866 (1901); *Kerr v. Clements*, 148 Pa.Super. 378, 25 A.2d 737 (1942); *Kine v. Forman*, 205 Pa.Super. 305, 209 A.2d 1 (1965); *Federal Deposit Insurance Corp. v. Alter*, 106 F.Supp. 316 (W.D.Pa.1952).[3]

The Pennsylvania Supreme Court has not squarely addressed the issue of whether there exists a fraud exception to the spousal privilege. Based on a reading of these cases, I conclude that Pennsylvania does recognize a fraud exception to the spousal privilege.

In *Kine*, the Pennsylvania Superior Court expressly held that the public policy prohibiting a husband and wife from testifying against each other does not apply where the prohibition would aid in the perpetration of a fraud. *Kine*, 209 A.2d at 3. The court reasoned that the privilege "was not intended to supply the means of protecting another in a fraudulent transaction nor to render husband and wife secure in the enjoyment of the fruits of fraud." *Id.* (quoting *Kerr v. Clements*, 148 Pa.Super. 378, 384, 25 A.2d 737, 740 (1942)).

Mr. Brown, on the other hand, contends that the Pennsylvania Supreme Court rejected the fraud exception in *Novic v. Fenics*, 337 Pa. 529, 11 A.2d 871 (1940). However, the *Novic* court was not called upon to determine the applicability of the fraud exception. In fact, the court recognized that there are instances where the rule would be inapplicable but did not delineate the circumstances in which the rule would not apply. *Id.* 11 A.2d at 874. In support of the recognition that the privilege is not absolute, the *Novic* court cited with approval two earlier cases that recognized an exception where one spouse acted as an agent for the other in furtherance of a fraudulent transaction, *Barnhart v. Grantham*, 197 Pa. 502, 47 A. 866 (1901) and *Callendar v. Kelly*, 190 Pa. 455, 42 A. 957 (1899).

As such, I find that there does exist a fraud exception to the spousal privilege and that this exception is applicable in the instant case. Justice requires that parties, even though they may be husband and wife, do not reap the rewards of fraudulent claims. *Kine*, 209 A.2d at 3.

Moreover, Mrs. Brown is not necessarily testifying against her husband's interests in violation of § 5924, but rather she is

---

**3.** While these cases were decided prior to the enactment of the current statute, they aid in the determination of this decision because the official source note states that 42 Pa.C.S.A. § 5924 is substantially a reenactment of the statute under which these cases were decided.

testifying to protect her own interests in this matter. In *Ebner v. Ewiak*, 335 Pa.Super. 372, 484 A.2d 180 (1984), the Pennsylvania Superior Court held that § 5924 does not prohibit a wife, who is a defendant, from testifying on her own behalf even though her testimony would have an adverse effect on her husband who was a co-defendant. Likewise, Mrs. Brown is a named plaintiff in this matter and has the right to testify on her own behalf. Her testimony is not being offered for the sole purpose of adversely affecting her husband's action, but rather she is seeking to renounce her involvement in possible fraudulent claims. *Id.* 484 A.2d at 183. If Mr. Brown's claims are found to be fraudulent, it is possible that Mrs. Brown's participation in this matter would expose her to future actions. Therefore, she will be permitted to testify to what she asserts to be a fraudulent claim.

For these reasons, I conclude that 42 Pa. C.S.A. § 5924 does not preclude the testimony of Mrs. Brown.

## II. *Confidential Communications*

 Mr. Brown also contends that his wife's testimony is inadmissable pursuant to 42 Pa.C.S.A. § 5923, which prohibits either spouse from testifying about any confidential communications made during the marriage. Mr. Brown has made several objections to his wife's testimony on the basis that it reveals confidential communications. In support of his argument, Mr. Brown relies on *Commonwealth v. Clark*, 347 Pa.Super. 128, 500 A.2d 440 (1985), *appeal granted*, 512 Pa. 1, 515 A.2d 1320 (1986), *appeal dismissed*, 516 Pa. 16, 531 A.2d 1108 (1987) in which the superior court interpreted the criminal counterpart to § 5923. In *Clark* the court reversed the trial court's admission of the testimony of defendant's wife in a criminal case. The wife testified that her husband left the house with a shotgun, and when he returned he told his wife that he may have killed someone while holding up a gas station. As such, Mr. Brown contends that if the testimony is not permitted to prove murder, it certainly should not be permitted to show fraud.

However, *Clark* merely represents a conflict in the superior court. The court in *Kine* found that the privilege protecting confidential communications between spouses does not extend to communications or acts made in furtherance of a fraud. *Kine*, 209 A.2d at 3. The *Kine* court reasoned that the privilege would allow spouses to shield themselves from liability by working with each other to perpetrate a fraud. I am in agreement with the *Kine* and hold that 42 Pa. C.S.A. § 5923 does not prohibit the testimony of a spouse regarding communications made in furtherance of a fraud.

Accordingly, I shall enter the following Order:

### ORDER

AND NOW, this 20th day of December, 1993, upon consideration of Plaintiff Thomas Brown's Motion *In Limine* to Preclude or Strike the Testimony of Joan Ann Brown, and all responses thereto, it is hereby ORDERED that said Motion is DENIED.