## Henderson *v.* Zubik, Appellant.

Argued October 4, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

522

John F. Healy, with him James F. Callahan, for appellant.

Loyal H. Gregg, with him William W. Matson and Gregg and Price, for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 18, 1957:

This appeal is from the lower court's refusal to enter judgment n.o.v. or grant a new trial following the jury's verdict for the appellee in amount of $16,350, including interest. The present dispute arose after the termination of a partnership venture, which had been established orally by the parties, about June 1, 1949, and continued until April, 1950.

At time of trial the appellee introduced into evidence without objection certain portions of the pleadings, containing the provisions of the oral agreement. However, the defendant's answer averred facts which constituted an affirmative defense, declaring, that in addition to plaintiff's allegations, there were oral promises that each party would contribute certain sums of money to set up the business.

From an examination of the record it is apparent the oral agreement provided as follows: That plaintiff

was to act as agent for defendant in the purchasing and selling of structural steel and scrap iron; that materials purchased were to be paid for by the defendant and stockpiled on his lot; that plaintiff was to hire employes and conduct the operation of the business; that defendant was to keep the books and records; and that plaintiff was to receive 50% of the net profits for his efforts. This action in assumpsit was to recover the share of net profits due plaintiff. As this Court has declared many times, when passing upon motion for judgment n.o.v., we must examine the facts and all inferences deducible therefrom, in a light most favorable to the plaintiff. *Stark v. Lehigh Foundries, Inc.,* 388 Pa. 1, 5, 130 A. 2d 123; *Virden v. Hosler,* 387 Pa. 1, 5, 127 A. 2d 110. Certainly upon these facts, which were undisputed by the appellant, the lower court was justified in refusing his motion for judgment n.o.v.

In support of the motion for new trial, appellants contend the lower court erred in permitting the introduction of appellee's business books into evidence as books of original entry. The book entries, made only *at the time materials were sold,* indicated the purchaser, sale price, cost of materials and which of the parties received the proceeds of the sale. At no time were any entries made *at the time of purchase,* and all entries regarding the cost of the material were dependent upon the memory and recollection of the appellee. This was the business accounting system employed by the partnership. The soundness of the system is not for us to pass upon, but the importance of the matter lies in the fact that it was their system, and continued for a period of almost two years. Moreover, the testimony indicates there existed an established market price for scrap iron and structural steel vendors, and the resale of the materials was made according to the prices and weights set forth in a stock book distributed by the

steel companies. Therefore, as to whether or not the books were original entry books we have no doubt. They are, even though the entries regarding cost were made at a later date than at the actual time of purchase.

Section 2 of the "Uniform Business Records as Evidence Act" of May 4, 1939, P. L. 42, 28 PS §91b, provides: "A record of an act, condition or event shall, in so far as relevant, be competent evidence *if the custodian or other qualified witness testifies to its identity and the mode of its preparation,* and if it was made in the regular course of business *at or near the time of the act, condition or event, and if, in the opinion of the court,* the sources of information, method and time of preparation were such as to justify its admission." [Italics supplied]. From the foregoing Act, it is clear that the legislature intended to grant to the trial court discretionary power as to the admissibility of business records, provided, that they meet the standards set forth in the Act, and are otherwise admissible as evidence and not violative of other evidentiary rules. Here, Henderson testified he made the entries at the time of sale, noting the cost and distribution of the proceeds. From this simple arrangement plaintiff determined the gross profits, deducting therefrom the business operational expenses in arriving at the net profit. While it may be true, that the books were not in accordance with modern bookkeeping principles, it cannot be denied that appellee testified to their preparation, maintenance and correctness. Significantly, these books were subject to periodic auditing by the *appellant's auditors;* and only in one instance was there a discrepancy disclosed, which, upon investigation was not the fault of Henderson, but that of appellant's daughter. Taking into account the nature of the business, the testimony of the parties regarding

their transactions, bookkeeping methods and the thorough and searching cross-examination by appellant's attorney, we are satisfied that the lower court did not err, and that the books were clearly admissible. See *Foster, Executor v. Wehr,* 114 Pa. Superior Ct. 101, 173 A. 712; Henry Pa. Evid., 4th Ed., Sec. 121-124, et seq.

Appellant next complains that the jury was permitted to return its verdict to the court without the presence of counsel or any notice to them. The stipulation states that the jury retired at 11:30 A.M. and returned its verdict at approximately at 2:30 P.M. on the same day; and further declares that neither counsel was present when the verdict was taken and neither of them had been notified by the court of the disposition of the verdict. The lower court's opinion states that the court was in session during the entire time and did not adjourn until after the verdict had been received and recorded. The appellant does not controvert this fact. In *Reed v. Kinnik,* 389 Pa. 143, 149, 132 A. 2d 208, in regard to the right to a poll after the verdict had been taken and recorded, this court declared as follows: "It is our view that a trial judge is not bound to do so [permit a polling of the jury after the verdict was taken], but that taking a poll is a matter which rests within his sound discretion. He has had an opportunity to examine the demeanor of the jurors. He is in a position to determine whether there are any reasonable grounds to question the verdict as announced by the foreman." In any event, it is solely the responsibility of counsel to assure his own presence at such time as the jury might return its verdict. This is particularly true in a case such as this, where the verdict is returned while the court is still in session. It would be intolerable to impose upon the court the responsibility to notify counsel that the court was about

to record the verdict.   The parties and their counsel have a full opportunity to be present at this time and to make any motions or requests to poll the jury that it may see fit.   That defendant's counsel did not do so is his responsibility alone, and, therefore the judgment of the court is affirmed.