**Monte HARRIS**

v.

**AFRAN TRANSPORT CO. and Marine Transport Lines, Inc.**

**No. 12342.**

United States Court of Appeals Third Circuit.

Argued Feb. 4, 1958.

Decided Feb. 11, 1958.

**NATIONAL BANK OF DETROIT,**
Defendant-Appellant,

v.

**The WAYNE OAKLAND BANK,**
Plaintiff-Appellee.

**Ray M. GIDNEY, Comptroller of the Currency, Defendant-Appellant,**

v.

**The WAYNE OAKLAND BANK,**
Plaintiff-Appellee.

Nos. 13209, 13210.

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1958.

Avram G. Adler, Philadelphia, Pa. (Fredman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Mark D. Alspach, Philadelphia, Pa. (Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellees.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

Plaintiff in this case was a longshoreman employed by Harbor Ship Maintenance Company of Philadelphia. He claimed to have suffered injuries while working in an area near the vessel's ice box when he slipped on a terra-cotta floor. The charge was that the floor was slippery and that he was, therefore, given an unsafe place to work and further that the ship was unseaworthy.

The jury rendered a verdict for the defendant thus settling the many disputed questions of fact in its favor. The appellant's only basis for appeal is that the trial judge declined expert testimony from a witness on whether a "waxed" floor was dangerous.

There is no error in refusing this testimony. A great deal of discretion is given to the trial judge on the subject of expert testimony. See Henry, Pennsylvania Evidence 561(1953); Overman v. Loesser, 9 Cir., 1953, 205 F.2d 521, 524; cf. Conry v. Baltimore & O. R., 3 Cir., 1953, 209 F.2d 422, 425. That discretion was not abused in this case.

The judgment will be affirmed.