433 F.2d 976
 Stella McSPARRAN, Administratrix of the Estate of Ronald A.
Quarles, Deceased, Appellant,
v.
CITY OF PHILADELPHIA, Dr. Margery Vann Deming, Dr. Mary
Louise Pratt and Dr. Raymond G. Tronzo.
 No. 18419.
 United States Court of Appeals, Third Circuit.
 Argued Sept. 17, 1970.
Decided Nov. 2, 1970.
 
 David Kanner, Kanner, Stein, Feinberg, Barol, Philadelphia, Pa., for appellant.
 Perry S. Bechtle, Esquire, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa., for appellees, Vann Deming and Pratt.
 John B. Day, Asst. City Sol., Philadelphia, Pa., (Matthew W. Bullock, Jr., Second Deputy City Sol., Edward G. Bauer, Jr., City Sol., Philadelphia, Pa., on the brief) for appellee City of Philadelphia.
 Before BIGGS, SEITZ and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered by the district court on a jury verdict for the defendants in a Pennsylvania wrongful death action.
 
 
 2
 Plaintiff's decedent, Ronald A. Quarles, underwent a sliding bone graft operation at Philadelphia General Hospital on a broken leg that had failed to heal. During the time he was under an anesthetic, Quarles suffered cardiac arrest and died shortly thereafter. At trial, plaintiff sought to prove that the anesthesiologists on the hospital staff had negligently selected an improper anesthetic, which decreased the supply of oxygen to Quarles' brain and caused the fatal heart attack.
 
 
 3
 The sole issue raised in this appeal is whether the trial court committed prejudicial error either in refusing to admit Quarles' death certificate as proof of the cause of death or in refusing to permit its use in the cross-examination of defendants' expert medical witnesses. The death certificate, which was based upon findings contained in the hospital autopsy report, included the following statement by the Medical Examiner of the City of Philadelphia:
 
 
 4
 'I hereby certify on the basis of the investigation and examination of the body, in my opinion, death occurred on the date and time stated above and the cause of death: sliding bone graft, under nitrous oxide and thiopental anesthesia for non-union, following fracture of left tibia.'
 
 
 5
 Plaintiff contends that the death certificate was admissible as a business record under 28 U.S.C. 1732, as a vital statistics record under Pa.Stat.Ann. tit. 35, 450.810, or as an admission by a party-opponent. His argument, however, is based upon the assumption that the death certificate was probative of the cause of death. We disagree with this premise, since the certificate is merely descriptive of the nature of the operation and the type of anesthesia used-- facts not in dispute; it does not refer to any medical condition which could be construed as a cause of death. It therefore follows that the document was not probative of the issue for which it was offered and was properly excluded. In the light of the foregoing, we need not consider whether the death certificate could have been admitted pursuant to the above exceptions to the hearsay rule had it been offered for some other purpose.
 
 
 6
 Since the death certificate contained no opinion by the Medical Examiner as to the cause of death, the trial court properly refused to permit its use on cross-examination to discredit the opinion of defendants' expert witnesses.
 
 
 7
 The judgment of the district court will be affirmed.
 
 
 8
 BIGGS, Circuit Judge, concurs in this decision.