441 F.2d 473
 ATLANTIC MUTUAL INSURANCE COMPANY, Appellant,
v.
LAVINO SHIPPING COMPANY and Royal Netherlands Steamship Company.
A. C. ISRAEL COMMODITY CO., Inc., Appellant,
v.
LAVINO SHIPPING COMPANY and Royal Netherlands Steamship Company.
 No. 19028.
 No. 19029.
 United States Court of Appeals, Third Circuit.
 Argued March 19, 1971.
 Decided April 29, 1971.
 
 James B. Doak, LaBrum & Doak, Philadelphia, Pa. (Andrew C. Hecker, Jr., Philadelphia, Pa., on the brief), for appellants.
 John T. Biezup, Rawle & Henderson, Philadelphia, Pa. (Robert B. White, Jr., Philadelphia, Pa., Hill, Betts & Nash, Washington, D. C., on the brief), argued for appellee, Lavino Shipping Co.
 Thomas E. Byrne, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., for appellee Royal Netherlands Steamship Co.
 Before BIGGS and KALODNER, Circuit Judges, and WHIPPLE, District Judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 These are appeals from judgments entered by the District Court on jury verdicts in favor of the appellees, Lavino Shipping Company (Lavino) and Royal Netherlands Steamship Company (Royal).
 
 
 2
 Appellant in No. 19,029, A. C. Israel Commodity Co., Inc. (Israel), brought suit against the appellees to recover the value of 3,812 bags of cocoa beans which were destroyed on June 15, 1965, when Pier 53 South in Philadelphia, where the beans were then located, was consumed by fire. The pier was owned and operated by Lavino whose employees had unloaded the beans from three arriving vessels operated by Royal. Israel's complaint asserts, first, that the appellees, as bailees for hire of the beans, are liable for failure to deliver the beans following the fire. Israel's second theory for recovery is based upon the negligence of Lavino in operating the pier and of Royal in failing "to provide a safe place for the receipt of cargo discharged from vessels owned and operated by it," "to observe due and proper care in the choice and continuance of use of Pier 53," "to properly safeguard, care for and handle" the 3,812 bags of cocoa beans.
 
 
 3
 Appellant in No. 19,028, Atlantic Mutual Insurance Company (Atlantic), brought an action as subrogee to the owners of a number of cargoes which had been insured by Atlantic. These cargoes were also destroyed in the fire and Atlantic brought suit to recover the insured value of these cargoes paid to the various owners of the cargoes. Atlantic's theories of liability are the same as those asserted by Israel.
 
 
 4
 The issues raised on appeal by Atlantic and Israel are identical. First, they assert that the trial court erred in excluding from the evidence the opinions of appellants' expert witness, Baccini, and the representative of the Philadelphia Fire Marshal, Ludwig, as to the cause of the fire which destroyed Pier 53. Outside of the hearing of the jury, the trial court heard Ludwig's opinion that the fire was probably caused by a carelessly discarded cigarette or match. He testified that he arrived at this conclusion on the basis of his observations, interviews and the elimination of other causes. He admitted on cross-examination, however, that other causes of the fire were possible. The District Court refused to allow Ludwig to repeat this testimony before the jury. Appellants later sought to introduce evidence regarding the cause of the fire through the testimony of Baccini who also claimed that he had an opinion regarding the cause. After appellees' objection to his expression of an opinion and an offer of proof that he would likewise testify that the fire was caused by a carelessly discarded cigarette or match, the court sustained the objection. The question of the cause of the fire was not submitted to the jury by the district judge who ruled as a matter of law that there was insufficient evidence to prove that the fire was negligently caused by either Lavino or Royal.
 
 
 5
 The refusal of the district judge to allow Baccini and Ludwig to testify as to the cause of the fire was based upon his conclusion that the proffered testimony was too speculative and conjectural, particularly since there was no direct physical evidence of smoking. We agree with this conclusion for an expert cannot base his conclusion upon facts which are not warranted by the record. Collins v. Hand, 431 Pa. 378, 390, 246 A.2d 398, 404 (1968); Arnold v. Loose, 352 F.2d 959, 963 (3 Cir. 1965).
 
 
 6
 Appellants' next contention is that the trial court erred in refusing to admit into evidence a copy of Ludwig's report which contained the following statement under the heading "CONCLUSION: It is the opinion of this writer that the ignition source was a cigarette or match carelessly discarded. * * *" Appellants argue that the report was admissible as an official record prepared pursuant to a statutory duty (53 P.S. § 14526). 14 Pennsylvania Law Encyclopedia, Evidence § 191, at 529. While such offical records are ordinarily admitted as an exception to the hearsay rule, this exception does not make admissible matters contained in official records if they are otherwise violative of evidentiary rules. Henderson v. Zubik, 390 Pa. 521, 524, 136 A.2d 124, 126 (1957). Cf. McSparran v. City of Philadelphia, 433 F.2d 976 (3 Cir. 1970). In the instant case, the objection by the appellees to the reference in the fire marshal's report to the cause of the fire is identical with their objection to Ludwig's testimony concerning the cause of the fire. Since Ludwig was properly barred from offering his opinion testimonially, it would be incongruous if his opinion could nevertheless be admitted only because it is contained within a report which he was required to file. In both situations, appellants failed to lay a proper foundation for such an opinion. See Gilbert v. Gulf Oil Corp., 175 F.2d 705 (4 Cir. 1949).
 
 
 7
 Appellants also assert that the trial judge erred in refusing to permit Baccini and Ludwig to answer several questions concerning whether Pier 53 was reasonably safe. Specifically Baccini was asked (1) whether or not Pier 53 South, operated as it was on June 15, 1965, was reasonably safe from the point of view of fire prevention and control; (2) whether or not Pier 53 South as equipped and maintained on June 15, 1965, was a reasonably safe pier for the handling of inflammable and other general cargo; and (3) whether or not the pier operated without a fire detection or fire alarm system, sprinkler or water curtain system underneath was a reasonably safe pier. Ludwig was asked (1) whether it was reasonably safe to operate Pier 53 South as a general cargo pier with hazardous cargo such as sisal and cotton on it and with no fire alarm, fire detection or sprinkler system in the substructure and no operable means of fighting or extinguishing a fire thereon and (2) whether it was reasonably safe to operate Pier 53 South as a general cargo pier without a sprinkler system in the superstructure of the pier which was a 700 foot open shed. In excluding this testimony, the trial judge stated that these questions were objectionable since they sought to elicit answers to some of the ultimate questions before the jury.
 
 
 8
 In Petition of M. & J. Tracy, Inc., 422 F.2d 929, 934 (1969), this court stated:
 
 
 9
 "A trial judge has broad discretion as to the admission or exclusion of expert testimony and if his ruling upon the admission of such testimony is to be reversed, it must be `manifestly erroneous.' Salem v. United States Lines, 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962); Harris v. Afran Transport Co., 252 F.2d 536, 537 (3 Cir. 1958)."
 
 
 10
 Under the circumstances of this case, we cannot conclude that the District Court's ruling was "manifestly erroneous." There are a number of Pennsylvania cases which state that an opinion concerning the ultimate question before the jury may, in the discretion of the trial judge, be excluded where the circumstances can be fully described to the jury and are such that their bearing on the issues can be considered by a juror without special knowledge. See, e. g., Huck-Gerhardt Co. v. Kendall, 189 Pa.Super. 126, 149 A.2d 169 (1959); Magyar v. Pennsylvania R. Co., 294 Pa. 585, 144 A. 765 (1928). In the case at bar, Baccini was permitted to testify that, in his view, Lavino's pier was not maintained and operated in conformity to good practice for fire prevention and control. He was also permitted to testify that Pier 53 South did not meet the recommendations of the National Association of Fire Prevention. Thus, the jury was in need of no further assistance in answering the question whether the pier was being operated in a reasonably safe manner and the trial judge did not abuse his discretion in disallowing questions attempting to elicit ultimate facts.
 
 
 11
 The final argument of appellants is that the jury's answers to the special interrogatories were inconsistent. The jury answered that Lavino Shipping Company was "negligent as respects plaintiffs' cargoes in * * * failing to provide adequate fire watch and watchmen on the pier." The jury, however, answered a subsequent interrogatory by stating that such negligence was not "a proximate cause of plaintiffs' loss." We fail to see any inconsistency in the jury's answers, for deciding whether the defendants have breached a duty of care owed to the plaintiffs and whether such a breach, if any, proximately caused plaintiffs harm are separate and distinct elements of tort liability for negligence. W. Prosser, Handbook of the Law of Torts, § 30, at 146 (3rd ed. 1964).
 
 
 12
 The judgments will be affirmed.