368 A.2d 698

**ESTATE of Louis F. CUSAT, Deceased.**

**Appeal of Louis CUSAT.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1976.

Decided Jan. 28, 1977.

Joseph L. Torak, King of Prussia, for appellant.

Charles Jay Bogdanoff, William L. Kinsley, Philadelphia, for appellee, Philip Cusat.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

PER CURIAM:

This is an appeal [1] from a decree of the Court of Common Pleas of Montgomery County, Orphans' Court Division, in which the trial court sustained objections to an accounting filed by appellant Louis Cusat as the administrator of the Estate of Louis F. Cusat.

Appellant raises two issues on appeal: (1) whether he is entitled to claim a family exemption as a member of decedent's household at the time of decedent's death pursuant to section 3121 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 3121 (1975); and (2) whether he established that certain funds he received from the decedent were an inter vivos gift.[2] Review of the record satisfies us that appellant's claims are without merit, and we find no reason to disturb the trial court's decree.

Decree affirmed. Each party to pay own costs.

1. We have jurisdiction pursuant to section 202 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202 (Supp.1976).

2. Appellant also asserts that the testimony of Attorney Bogdanoff should not have been received into evidence because he and his firm represented appellee. However, appellant has not preserved this issue for appellate review. Although appellant objected to Attorney Bogdanoff's testimony at the hearing, he based his objection on a different ground than he now argues before this Court. See J. McCormick on Evidence 117 (2nd ed. 1972); Commonwealth v. Negri, 414 Pa. 21, 198 A.2d 595 (1964). See generally Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A.2d 114 (1974).