453 A.2d 1006

**Frank E. STULZ and Harriet C. Stulz, h/w**

v.

**Wallace E. BOSWELL, Herbert P. Levine, Stanton Greller and Cast Metal Manufacturing Company and Metal & Alloys, Corporation.**

**Appeal of Wallace E. BOSWELL, Stanton Greller and Cast Metal Manufacturing Company.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1982.

Filed Dec. 10, 1982.

———

**6.** Pa. Const. of 1874, Art. V, § 16(c), as adopted April 23, 1968, P.L.App. 16, Prop. No. 7. And see, Pa.R.J.A. 701.

516

Donald P. Russo, Bethlehem, for appellants.

John Field Oldt, Easton, for appellees.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

We here consider an appeal from a judgment in the amount of $7,011.95 entered in favor of the plaintiff-appellees. We affirm.

Appellees commenced this action by means of a complaint filed on December 28, 1978, in which they sought to recover accounts receivable which were assigned to them in connection with the sale in 1973 by the appellees to the appellants

of the stock of Cast Metal Manufacturing Company (Cast Metal). On February 8, 1979, appellants filed an answer and new matter in which they denied the claims pleaded in the complaint and on February 28, 1979, appellees filed a reply to new matter. A pre-trial conference was held on August 28, 1979, at which time appellants asserted a set-off of $4,400.00 against the claims of appellees. The appellants petitioned the court on September 10, 1979, for permission to file an amended answer in order to specifically plead the set-off as new matter to which appellees filed an objection. The learned President Judge Alfred T. Williams, Jr., ruled as follows:

AND NOW, this 7th day of November 1979, after conference with counsel and consideration of the defendants' petition to file an amended answer and counterclaim, the court will permit the original defendants to file an amended answer properly pleading the alleged set-offs to the various charges or accounts set forth in the complaint within 20 days from this date. The petition to file a counterclaim with respect to other matters or unrelated causes of action is denied.

Pursuant to this order, the appellants filed an amended answer and new matter on December 13, 1979, in which they averred that appellees had breached warranties in the 1973 agreement of sale and in which they listed forty items as setoffs. The majority of items were related to credits for the return of defective products that were sold prior to the change of ownership, but the appellants also alleged set-offs for salesmens' commissions earned prior to the sale of the corporation, costs related to a transmission repair to a company truck, credit card charges, taxes and the cost of Christmas gifts.

Appellees filed preliminary objections in the nature of a motion to strike on the ground that the majority of items set forth in the appellants' amended pleading had no relation to the claims made by the appellees and that, therefore, the amended answer and new matter violated the November 7, 1979 order of the court. The appellees also alleged that the

first thirty-five of the forty items listed by the appellants were barred by the statute of limitations since the events relating to these items took place on or before August 3, 1973, and the appellants did not request permission to file an amended answer and new matter until September 10, 1979.[1] The court, after argument, entered the following order upon the motion to strike:

AND NOW, this 9th day of May, 1980, after thorough review of all the pleadings, all New Matter in Defendants' Amended Answer which does not constitute a set-off to the various charges or accounts in the original complaint in accordance with the prior Order of Court of November 7, 1979, is hereby stricken from said Amended Answer and New Matter. Since a full, final and complete factual adjudication of exactly what New Matter must be stricken as falling within the purview of this Order cannot be made at this time, the issue is expressly reserved for presentation in a Motion for Judgment or for the trier of fact at the time of trial.

The distinguished Judge Franklin S. VanAntwerpen conducted a non-jury trial and ruled that the appellants owed the appellees $5,768.49 subject to a recoupment by appellants in the amount of $1,041.28 to be deducted from the judgment for the appellees.[2] Thus, a verdict in the amount of $4,727.21 plus interest to be computed thereon was rendered in favor of the appellees. The trial judge rejected the claims made by the appellants for affirmative relief since such relief was first sought in the amended answer and new matter filed after the six year statute of limitations had expired.[3]

1. There was no date ascribed to the additional five items in the amended pleading, but at trial Mr. Sedora, the office manager for Cast Metal and a witness for the appellants, testified as to these items. His testimony was that the claims on these items were made in the early months of 1973. Therefore, any set-offs on these items would also be barred by the statute of limitations.

2. The court found that seven of the forty items should be allowed as a recoupment.

3. 42 Pa.C.S.A. § 5527.

■ Appellees initially argue that the appeal should be quashed since the notice of appeal filed by the appellants erroneously stated that they were appealing from the June 18, 1981, order of the court en banc which denied and dismissed their exceptions to the verdict, rather than from the judgment in favor of the appellees which was entered on the docket on June 23, 1981. Appellees first brought this challenge to the jurisdiction of this court by means of a motion to quash and by order of December 11, 1981 this court denied the motion to quash, "without prejudice to appellants' right to file an amended notice of appeal identifying the appealable order of 6/23/81." Pursuant to this order the appellants filed an amended notice of appeal which properly listed the June 23 judgment as the appealable order. Thus, since the technical error has been corrected, there is no merit to the contention that this court lacks jurisdiction.

The primary focus of the argument of the appellants is concerned with the decision of the trial judge to reject the items alleged as set-offs by the appellants as a counterclaim. Appellants argue: (1) that the set-offs in their amended pleadings only amplified their original answer and new matter and that the trial judge erred when he decided that most of the items were barred by the statute of limitations; and (2) that the judge improperly limited the claims of appellants to those which could be classified as a recoupment. In order to address these contentions, we must examine the law of this Commonwealth with respect to: (1) the counterclaims of set-off and recoupment; and (2) the application of the statute of limitations to amended pleadings.

■ A counterclaim is defined as a "claim presented by a defendant in opposition to, or deduction from, the claim of the plaintiff"; a counterclaim encompasses both a set-off and a recoupment. 6 Standard Pennsylvania Practice 2d § 29:2. A recoupment differs, however, from a set-off. A recoupment concerns solely the claim asserted by the plaintiff and no affirmative relief may be obtained by the de-

fendant, *Commonwealth v. Berks County,* 364 Pa. 447, 72 A.2d 129 (1950), while a set-off will permit an affirmative judgment for defendant. 6 Standard Pennsylvania Practice 2d § 29:4. The doctrine of equitable recoupment does not permit inclusion of any set-off arising from a transaction unrelated to the suit, but rather provides for "a transaction which is made the subject of a suit by a plaintiff to be examined in all its aspects and [a] judgment to be rendered that does justice in view of the one transaction as a whole." *Provident National Bank v. United States,* 507 F.Supp. 1197 (E.D.Pa.1981). Recoupment is a common law remedy designed to avoid the harsh results of the statute of limitations. *Id.* Thus, as in the instant case, a court will allow a defendant to reduce the award obtained by a plaintiff if the defendant has a counterclaim that relates to the particular transaction that is the subject of the litigation commenced by the plaintiff, notwithstanding the fact that the defendant failed to assert this counterclaim before the statute of limitations had run.

The appellants in the instant case argue that they are entitled to more than a recoupment, and assert that the set-offs alleged in their amended answer and new matter were not barred by the statute of limitations. It is understood that a challenge by a plaintiff to an amended answer, new matter or counterclaim is subject to the same rules which affect the right of a defendant to challenge an amended complaint filed by a plaintiff. Goodrich-Amram 2d § 1033:9. The law of this Commonwealth concerning amendments to pleadings was recently reiterated by this court in *Sanchez v. City of Philadelphia,* 302 Pa.Super. 184, 187, 448 A.2d 588, 589 (1982):

> The general rule is that an amendment will not be permitted after the running of the statute of limitations if it introduces a new cause of action, *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914 (1974); *Junk v. East End Fire Dept.,* 262 Pa.Superior Ct. 473, 396 A.2d 1269 (1978), but if the amendment would only amplify or enlarge the existing cause of action, it will be permitted.

*Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 431 A.2d 237 (1981).

■ In the instant case the amendment to the pleading is not merely an amplification of the original answer and new matter filed by the appellants. Rather, the amended pleading states a new cause of action for it is in this latter pleading that the appellants first assert their claim for a set-off. There is no mention in the original pleading that the defendants were asserting the affirmative defense of a set-off. Although amendments are to be liberally allowed, such liberality does not encompass the commencement of a new cause of action after the statute of limitations has run. Thus, we conclude that the trial judge did not commit an abuse of discretion when he limited the counterclaim asserted by the appellants to a recoupment in the amount of $1,041.28 which was based on credits given by appellants to customers whose accounts receivables were the subject of the claims made by appellees.

Appellants next argue that the findings of the trial judge are not supported by sufficient competent evidence. Our distinguished colleague, Judge Harry A. Montgomery, recently reiterated in *Brenna v. Nationwide Insurance Co.,* 294 Pa.Super. 564, 567, 440 A.2d 609, 611 (1982) our standard of review when a litigant questions the propriety of the findings of the trial judge:

> [W]e must be mindful that findings of the trial judge in a non-jury case must be accorded the same weight and effect on appeal as the verdict of the jury, and will not be reversed in the absence of an abuse of discretion or a finding of a lack of evidentiary support. The appellate court, in these circumstances, is limited to determinations of whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law. It is also clear that in reviewing the findings of the trial judge, the victorious party is entitled to have the evidence viewed in the light most favorable to him and all the evidence and proper inferences favorable

to the successful party must be taken as true and all unfavorable inferences rejected. (Citations omitted).

Appellants specifically argue that the trial judge did not properly interpret the contract of sale and also incorrectly concluded that the appellants stipulated that they "owed" the appellees $5,768.49. Appellants assert that they did not stipulate that they "owed" this amount, but rather, stipulated only that they had "received" this amount in accounts receivable following the sale of the business.

It is true that the appellants did not stipulate that they unconditionally "owed" the appellees $5,768.49; but the parties did stipulate (1) that the appellants received $10,019.97 on the dates and for the reasons claimed by the appellees, and (2) that the appellees were entitled to a credit of $4,251.48 for accrued payroll for the week prior to closing; the net figure is, of course, $5,768.49. The only issue that remained for decision at trial concerned the set-offs which the appellants claimed were owed to them. Contrary to the assertions of appellant, there are no contractual provisions which would provide a defense to the claim of appellants for the accounts receivable.

■ It is clear, contrary to the assertion of appellants that the trial judge relied solely on the stipulation, that the decision of the court rested upon the following conclusions: (1) that the stipulation entered into by the parties revealed the sum of $5,768.49 was due appellees; (2) that the set-offs asserted by appellants were barred by the statute of limitations; and (3) that appellants were, under the doctrine of recoupment, entitled to a credit of $1,041.28. Our examination of the record as well as our study of the applicable law leads us to conclude that the determination of the court was proper and correct.

■ Appellants next contend that the court erred by permitting the admission into evidence of a letter dated February 22, 1972, from the former attorney for appellants to the former attorney for appellees. The appellants contended at trial that the letter was immaterial and irrelevant, but the

trial court admitted the letter over these objections. Appellants now argue that the letter was inadmissible for the reason that it was hearsay and not the subject of any exception to the hearsay rule. Where a litigant objects to evidence on appeal on a different ground than that which was asserted at trial, we will not consider the new objection since it has not been properly preserved for appellate review. *Estate of Cusat,* 470 Pa. 418, 368 A.2d 698 (1977); *Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700 (1982).

The final grievances of appellants relate to the computation of interest on the judgment. There is no merit to any of these assertions.

Judgment affirmed.