484 A.2d 180

**William C. EBNER and Susanna Ebner, his wife**

v.

**Benjamin EWIAK, Appellant,**

**and**

**Elma Ewiak.**

Superior Court of Pennsylvania.

Submitted March 23, 1984.

Filed Nov. 9, 1984.

1. See Pennsylvania Rule of Appellate Procedure 1925.

Joseph J. May, Erie, for appellant.

Michael E. Dunlavey, North East, for Ebner, appellees.

Elma Ewiak, appellee, in propria persona.

Before POPOVICH, HOFFMAN and LIPEZ, JJ.

HOFFMAN, Judge:

Appellant alleges error in: (1) the admission of appellees' cost lists; (2) the admission of his wife's testimony against him; (3) the lower court's refusal to give certain requested jury charges; (4) the rendering of the jury verdict in the absence of his defense counsel; (5) the amount of damages awarded; and (6) the rejection of after-discovered evidence. We find these contentions meritless and, accordingly, affirm the order below.

In November of 1974, the Ebners and the Ewiaks agreed to construct a home for the Ebners on property owned by the Ewiaks. The Ewiaks, Mrs. Ebner's parents, also agreed to deed over the home and underlying property to the Ebners once construction was completed. After the home

was finished and the Ebners moved in, Mr. Ewiak refused to deliver the deed to his daughter and son-in-law. Consequently, on April 21, 1978, the Ebners brought a breach of contract action against the Ewiaks, seeking to (1) compel the defendants to deed the house and property to them and (2) recover damages for work performed and materials provided in the construction of the house. The complaint also alleged that Mr. Ewiak had harassed the plaintiffs after they moved in thereby causing them to move to New York, and sought additional damages therefor. Following a July 10, 1981 trial, the jury found Mr. Ewiak liable and awarded the plaintiffs damages of $6,400.00 for breach of contract and $2,100.00 for harassment. The jury also found that Mrs. Ewiak was not a party to the breach of contract nor the harassment. Mr. Ewiak filed a motion for a new trial, which the lower court denied en banc on August 23, 1982. This appeal by Mr. Ewiak followed.

Appellant first contends that the trial court erroneously admitted into evidence appellees' material and labor cost lists (Plaintiffs' Exhibits 1 and 2). He argues specifically that these lists were inadmissible hearsay because they did not qualify under either the business records or recorded recollection exceptions. We find, however, that appellant has failed to preserve this argument for appeal because, during the trial, he objected to the admission of these lists on different grounds, namely, that the list did not include a $3,500 figure and was made from memory. "Where a litigant objects to evidence on appeal on a different ground than that which was asserted at trial, we will not consider the new objection since it has not been properly preserved for appellate review." *Stulz v. Boswell*, 307 Pa.Superior Ct. 515, 524, 453 A.2d 1006, 1010 (1982). *See also Estate of Cusat*, 470 Pa. 418, 368 A.2d 698 (1977); *Lewis v. Pittsburgh Railways Co.*, 386 Pa. 490, 126 A.2d 454 (1956).

Appellant also contends that his wife was erroneously allowed to present testimony against him at trial in violation of 42 Pa.C.S.A. § 5924(a). Section 5924(a) provides that:

"In a civil matter neither husband nor wife shall be competent or permitted to testify against each other." The rationale for this privilege against adverse spousal testimony is generally said to be "the preservation of marital harmony and the resultant benefits to society from that harmony." *Commonwealth ex rel. Platt v. Platt*, 266 Pa.Superior Ct. 276, 282, 404 A.2d 410, 413 (1979). However, this privilege has been sharply criticized by the United States Supreme Court, which called the justification "unpersuasive" because, when one spouse is willing to testify against another, the marriage is almost certainly "in disrepair". *Trammel v. United States*, 445 U.S. 40, 52, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980). In that case, the Supreme Court held that, apart from confidential communications, a witness spouse alone has the privilege to refuse to testify adversely and may be neither compelled to testify adversely nor foreclosed from testifying. The Court stated:

> Testimonial exclusionary rules and privileges contravene the fundamental principle that "the public ... has a right to every man's evidence." ... As such, they must be strictly construed and accepted "only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."

> .     .     .     .     .

*Id.* at 50, 100 S.Ct. at 912 (citations omitted). Therefore, the Court ruled that, where the spouse of an accused in a criminal case chose to testify against him after being granted immunity and given assurances of lenient treatment, the testimony was not rendered involuntary and the accused's claim of privilege was properly rejected. *Cf. Hack v. Hack*, 495 Pa. 300, 433 A.2d 859 (1981) (defense of interspousal immunity as a bar to suits is abolished in this Commonwealth).

■ In the instant case, we need not assess the validity of § 5924(a) because we hold that § 5924(a) is inapplicable to a defendant-wife who is testifying on her own behalf

even though her testimony has an adverse effect on her husband's interests.* Mrs. Ewiak was a defendant in appellees' breach of contract action against her and her husband and, in order to exculpate herself, testified that appellant agreed to deed over the property when the home was completed, N.T. July 10, 1981 at 118, and that appellant threatened and harassed appellees, N.T. July 10, 1981 at 121–22. As a result, the jury found that she was not liable for either breach of contract or harassment. Additionally, because Mrs. Ewiak had been separated from her husband for three years when she testified, N.T. July 10, 1981 at 122, the justification for § 5924(a), *i.e.* preserving marital harmony, simply does not apply. Were we to hold that Mrs. Ewiak's testimony was barred by § 5924(a), Mrs. Ewiak would be left without a way of presenting a defense on her own behalf.

We find *Williams v. Williams,* 1 Pa.D. & C.3d 723 (Delaware Co. 1977), analogous. In that case, the plaintiff sued on a promissory note executed by the defendants. The defendant-wife testified on her own behalf that she had been instructed by her husband to sign the note as a "witness". The defendant-husband, who admitted liability, was also permitted to testify as to the circumstances surrounding the execution of the note and his testimony contradicted that of his wife. Although the verdict for the defendant-wife was overturned because it was held to be against the weight of the evidence, the court also held that the statute prohibiting testimony by one spouse against the other was not applicable to a proceeding brought by a third party wherein one spouse, in defense of the action, seeks to protect her separate property. The court reasoned:

If the wife can sue her husband alleging fraud and testify against him in a proceeding to recover her separate property, she can defend a suit against herself: *Morrish*

* In this respect, we find *Canole v. Allen,* 222 Pa. 156, 70 A. 1053 (1908), distinguishable. *Canole* involved a trespass action against a husband and wife where it was admitted that the husband had committed actual trespass. Our Supreme Court held that it was reversible error for the trial court to permit the husband to testify because he had been called as for cross-examination for the *sole* purpose of testifying against the wife.

*v. Morrish,* 262 Pa. 192, 105 Atl. 83 (1918). This is true even if in her defense the wife alleges and proves facts charging her husband with the perpetration of a fraud. *Id.* at 725. We agree. Everyone is entitled to defend him or herself in a lawsuit. We see no reason to charge Mrs. Ewiak with her husband's guilt by not permitting her to testify on her own behalf.

■ Appellant next contends that the lower court erred in failing to charge the jury on the points submitted by defense counsel. We agree with the lower court that (1) appellant's requested points were based on the assumption that the evidence demonstrated two separate contracts and (2) the evidence at trial indicated that only one contract was entered into for the construction of the house and the conveyance of the property to appellees. *See* Lower Court Opinion at 4. We therefore reject this contention.

■ Appellant also argues that the jury verdict was erroneously rendered in the absence of defense counsel, thereby depriving him of the right to request a polling of the jury or to move for judgment n.o.v. We find *Henderson v. Zubik,* 390 Pa. 521, 136 A.2d 124 (1957), dispositive. In that case, our Supreme Court held that absence of counsel at the time the verdict is announced and recorded in a civil case is no ground for a new trial. *Id.,* 390 Pa. at 525–26, 136 A.2d at 127. The Court stated:

[I]t is solely the responsibility of counsel to assure his own presence at such times as the jury might return its verdict. This is particularly true in a case such as this, where the verdict is returned while the court is still in session. It would be intolerable to impose upon the court the responsibility to notify counsel that the court was about to record the verdict. The parties and their counsel have a full opportunity to be present at this time and to make any motions or requests to poll the jury that it may see fit.

*Id.* We further note that taking a poll of the jury is a matter which rests within the sound discretion of the trial court, *Dettra Will,* 415 Pa. 197, 205, 202 A.2d 827, 832

(1964); *Henderson v. Zubik, supra,* 390 Pa. at 525, 136 A.2d at 127; *Slavin v. Gardner,* 274 Pa.Superior Ct. 192, 194 n. 2, 418 A.2d 361, 362 n. 2 (1979), and that appellant had ten days from the date of the verdict within which to file a motion for judgment n.o.v. *See* Pa.R.Civ.P. 227.1 (effective 1977).

Appellant's allegation that the jury verdict was excessive is also without merit. "[O]n appeal we will not find a verdict excessive unless it is so grossly excessive as to shock our sense of justice." *Fretts v. Pavetti,* 282 Pa.Superior Ct. 166, 176, 422 A.2d 881, 885 (1980). Here, we agree with the lower court that the verdict was not so excessive as to shock our sense of justice:

> The plaintiffs [appellees] both testified that they spent approximately Three Thousand Dollars ($3,000) in materials and expended approximately twelve hundred (1,200) hours in labor in the construction of the house, the fair value of said labor amounting to Five Thousand Dollars ($5,000). The plaintiffs [appellees] also provided written lists to substantiate this testimony. The jury awarded plaintiffs Sixty-four Hundred Dollars ($6,400) for the materials and labor, which is less than plaintiffs claimed. The Twenty-one Hundred Dollar ($2,100) award for harassment, in the light of the testimony presented, does not shock the conscience of the court.

(Lower Court Opinion at 2).

Finally, appellant contends that new evidence discovered by him since the trial would alter the original verdict and therefore warrants a new trial.

> To secure a new trial on the ground of after-discovered evidence or discovery that false testimony was given, " 'the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result....' "

*R & S Millwork, Inc. v. Commonwealth, Department of Transportation,* 42 Pa.Commonwealth Ct. 624, 628, 401

A.2d 587, 589 (1979) (citations omitted); *accord, Hydro-Flex, Inc. v. Alter Bolt Co., Inc.*, 223 Pa.Superior Ct. 228, 232, 296 A.2d 874, 877 (1972). Here, appellant has failed to show that such evidence, *i.e.* a ledger which tends to establish lower costs for appellees, could not have been obtained with reasonable diligence prior to the trial. We find his bare assertion that "[t]he ledger was searched for prior to trial but could not be found by the Defendant," insufficient. (Brief for Appellant at 15–16). As the lower court correctly noted, appellant had three years between the filing of appellees' complaint and the trial in which to find the ledger. *See* Lower Court Opinion at 3.

Accordingly, we find that the lower court properly denied appellant's motion for a new trial.

Affirmed.