528 A.2d 616

**Walter Paul WEIR, an Incompetent Deceased By Patricia Weir GASPER, His Guardian, Appellant,**

**v.**

**Aventino CIAO, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1987.

Filed June 1, 1987.

Reargument Denied July 29, 1987.

492

Alfred A. Gollatz, Media, for appellant.

Robert J. Levis, Media, for appellee.

Before BECK, HESTER and ROBERTS, JJ.

BECK, Judge:

Patricia Gasper brought an equity action as guardian for her incompetent father, Walter Weir, now deceased, to set aside two real estate transfers which Weir made to his son-in-law, Aventino Ciao. The trial court denied relief and she appeals.

She asserts the trial court erred in (1) not finding a confidential relationship between Weir and Ciao, (2) refusing to consider after-discovered evidence, and (3) finding Weir competent at the time of the transfers. Since we find no prejudicial error of law or abuse of discretion, we affirm.

The factual background of the case is essential to an understanding of it. Ciao had lived in the Weir home for many years. He was the husband of Weir's deceased daughter. The couple had lived with Weir and his late wife for approximately ten years. Ciao continued to live with Weir even after the death of his wife and the death of his mother-in-law. Weir and Ciao developed a close personal relationship. In 1977, Gasper asked Ciao to leave her father's home, which he did. Gasper and her husband then moved in and cared for Weir.

Weir also owned a vacation home in Wildwood, New Jersey. Originally Gasper and her sister, Ciao's deceased wife, inherited this property from their grandfather. When Ciao's wife died, his wife's one-half interest in the property passed to him. Within a month of her death in 1975, Ciao responded to Gasper's insistence and joined her in gratuitously deeding title to the property to Weir and his wife. After Mrs. Weir died, her interest passed to her husband.

From 1977, when Ciao left the Weir home, through 1981, he and Weir continued to see each other regularly. In Fall 1981, Weir asked Ciao to take him to a lawyer because he wanted to settle his affairs. Ciao took Weir to see Neil Leibman, an attorney who had once advised Ciao against legal action to revoke his gift of the Wildwood property to the Weirs. After Weir conferred alone with Leibman, Leibman drafted a will for him and prepared the two deeds, transferring title to the Weir residence to Weir and Ciao as

joint tenants and title to the Wildwood property to Ciao. Both deeds were executed and recorded. Weir retained possession of his home, bank accounts, automobile and other assets.

In Spring 1982, Gasper discovered these transfers. Gasper's brother, Weir's son, then filed a petition to have Weir declared incompetent. The orphans' court determined he was incompetent on July 12, 1982, and appointed Gasper his guardian. She then brought the instant action to set aside the real estate transfers which occurred before Weir was declared incompetent. She bases her request on Weir's incompetency.

## I.

■ Appellant asserts that a confidential relationship existed between Ciao and Weir. Ciao argues it is improper for this court on appeal to consider the issue of a confidential relationship because the issue was not pleaded and was therefore waived. Although we find the issue was adequately pleaded so as to provide notice to Ciao, we nevertheless find the issue waived on other grounds. Appellant Gasper failed to assert the issue in her post-trial motions. "[O]nly issues specifically raised in post-[trial] motions can be considered and will be preserved for appeal, and issues raised only in briefs in support of those motions may not be considered." *Cherry v. Willer,* 317 Pa.Super. 58, 63, 463 A.2d 1082, 1084 (1983). The object of this requirement is to permit the trial court the opportunity to review and reconsider the determination it made at trial. Appellant, having failed to assert the issue in post-trial motions, has waived it.

## II.

Appellant Gasper next argues that she is entitled to a new trial because she discovered additional evidence after trial in the form of a notarized document signed by Weir. The document, which is not in Weir's handwriting, only states, "Under no circumstances is name to be changed from Walter Weir without his consent."

The document was brought to Gasper's attention in December 1984, by counsel to Weir's estate. Weir had died after the trial of the case sub judice. Having no knowledge of the document when she filed post-trial motions on July 26, 1984, Gasper could not have based a request for a new trial at that time on after-acquired evidence. However, she raised the issue in her brief supporting post-trial motions which was filed on June 3, 1985.

As we noted in *Walters v. Kapiris,* 159 Pa.Super. 170, 173, 48 A.2d 35, 36 (1946), an application for a new trial to consider after-acquired evidence is "not governed by the strict technical rules applicable to [other post-trial motions], but is addressed to the sound discretion of the court."

■ Pa.R.C.P. 227.1(b), which provides that issues not raised in post-trial motions are waived, is not applicable to a request for a new trial based on after-acquired evidence discovered after post-trial motions were filed. In this type of situation, the preferable procedure is for appellant to petition to file supplemental post-trial motions and include therein a request for a new trial based on after-acquired evidence. Appellant's failure to do so is not, however, fatal and we find the issue preserved.

■ Having concluded that the issue was not waived, we next consider whether the trial judge abused his discretion in refusing to consider the after-acquired evidence. The trial court has considerable discretion in deciding whether to consider the evidence. *See Korn v. Consolidated Rail Corp.,* 355 Pa.Super. 170, 512 A.2d 1266 (1986) *Stokes v. Thiemann,* 296 Pa.Super. 112, 442 A.2d 322 (1982). Despite this, we find that the trial judge abused his discretion because he should have considered this evidence. The trial judge does not reveal his reasons for failure to consider it. From the record, however, we conclude that the evidence was relevant and presented to the court timely. At the time of submission the case was still open. The court had not yet decided the post-trial motions.

■ Even though we conclude that the trial judge erred in not considering the evidence, we find the error was harmless, and that appellant is not entitled to a new trial. In order to obtain a new trial based on after-acquired evidence, the petitioning party must show that the evidence could not have been obtained at the time of trial by reasonable diligence, is not cumulative, does not merely impeach credibility, and is likely to compel a different result. *Ebner v. Ewiak,* 335 Pa.Super. 372, 484 A.2d 180 (1984), *Gamma Swim Club Inc. v. Commonwealth, Dept. of Transp.,* 95 Pa.Commw. 167, 505 A.2d 342 (1986).

■ From an examination of the record we conclude that appellant has satisfied each requirement of the test except the requirement that the after-acquired evidence is likely to compel a different result. In the case sub judice the meaning and significance of the after-acquired document is cryptic and unclear, and its probative value is thin. Therefore, we conclude that even if the court had considered the after-acquired evidence, the appellant would not have been granted a new trial. Appellant has failed to show she was prejudiced by the court's error. *Stokes v. Thiemann.* Therefore, we do not grant a new trial.

## III.

Appellant also argues that the court abused its discretion in finding Weir competent at the time of the transfers. The record reveals that appellant presented expert testimony of Dr. Leo Freeman, a psychiatrist, who in June 1982 first examined Weir. The examination occurred after the transfers of the real estate. Dr. Freeman had testified at Weir's incompetency proceedings in July 1982. In the instant case, Dr. Freeman testified that Weir was suffering from Alzheimer's disease, a degenerative organic brain syndrome, rendering him unable to perform usual mental functions. Dr. Freeman also testified that at the time of the transfers Weir was suffering from the disorder and that he was unable to function as a rational person. However, on

cross-examination Dr. Freeman conceded that Weir had lucid periods.

To counteract Dr. Freeman's testimony, appellee called Neil Liebman, Weir's attorney. Liebman had interviewed Weir before preparing the will and transfers. Liebman, testifying as a fact witness, noted that he questioned Weir before drafting the will to ascertain whether Weir was of sound mind, oriented, in touch with reality and able to understand the nature and dispositions of his property. Liebman testified as to his conversation with Weir and detailed the substance of the questions and answers. It appears that the trial judge, as the trier of fact, believed Liebman's testimony and found it was not in conflict with Dr. Freeman's concession that Weir had lucid moments. On that basis, the judge concluded that Weir was competent at the time of the transfers.

 Appellant argues that the trial judge abused his discretion in accepting Liebman's testimony on competency because he is a lawyer with no expertise in mental health matters. First, we note that observations of lay witnesses on the question of competency are admissible. *Girsh Trust,* 410 Pa. 455, 189 A.2d 852 (1963). We find that appellant's reliance on dicta in *Hagopian v. Eskandarian,* 396 Pa. 401, 153 A.2d 897 (1959), *cert. denied,* 361 U.S. 938, 80 S.Ct. 381, 4 L.Ed.2d 358 (1960) does not support her position. *Hagopian* in dicta stated that "[e]xpert testimony is needed when transactions fall within the penumbra between competence and incompetence, when the light of reason may come and go unbidden." 396 Pa. at 404, 153 A.2d at 899. In the instant case, the court had the opportunity to hear expert testimony and indeed considered it. Expert testimony, however, is by no means conclusive. In the instant case, the finder of fact considered the expert's testimony but did not find the expert's conclusion persuasive.

We note that the principle in the Commonwealth is "the testimony of those who observed the speech and conduct of the person on that date [execution of the instrument whose

validity is challenged] outranks testimony as to observations made prior to and subsequent to that date, although the latter testimony is admissible and entitled to weight." *Girsh Trust,* 410 Pa. at 477, 189 A.2d at 862. Clearly a lay witness may testify to the mental condition of a person, when the facts on which the opinion is based are stated. *Id., Owens Estate,* 167 Pa.Super. 10, 74 A.2d 705 (1950).

We cannot accept appellant's contention that Leibman, a lay witness, is not competent to testify as to his own observations about Weir's competency. The chancellor as fact-finder did not abuse his discretion in accepting Leibman's testimony and finding it credible.

Decree affirmed. Jurisdiction relinquished.