IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Goshen Valley III Condominium   :
Association,   :
         Appellant   :
   :  No. 1391 C.D. 2021
        v.   :
   :  Submitted:  July 22, 2022
Marjorie R. Messick and   :
Laurie R. Messick   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE McCULLOUGH               FILED: July 25, 2023


Goshen Valley III Condominium Association (Association) appeals from the October 22, 2021 Order of the Court of Common Pleas of Chester County (trial court) that found in favor of the Association and awarded the Association $500.00 in attorney's fees, instead of the $20,000.00 it sought. Also before this Court is the Application to Quash filed by Appellees Marjorie R. Messick and Laurie R. Messick (Appellees). For the following reasons, we grant the Application to Quash and quash the appeal.

## 1. **Factual and Procedural Background**

Appellees own a condominium in the Goshen Valley III Condominium (Condominium), which is composed of 294 units, including both townhouse-style units and small garden apartment units. The Association is the entity responsible for

maintaining the Condominium and enforcing the Uniform Condominium Act[1] (Act) and the Condominium's By-Laws and Declaration. The buildings with apartment-style units are a shared living environment, with Condominium's residents living in close proximity to one another. Dogs may be kept at the Condominium, provided that they are not a nuisance to the community and that residents comply with the Rules and Regulations of the Association and general notions of decency and decorum.

For a number of years, Appellees kept dogs at their garden apartment-style unit. Their most recent dog barked incessantly. After receiving numerous complaints, Appellees were invited to attend a meeting where they had an opportunity to explain their position with respect to the complaints about their dog. After that meeting, however, the behavior of their dog did not improve, and the disturbances continued unabated. Multiple residents complained to the Association about their dissatisfaction with the presence of the dog, and investor owners reported complaints by their tenants, with one tenant choosing to vacate the Condominium because of the disturbances caused by the dog.

In October 2020, the Association filed a civil complaint, seeking an injunction to prohibit Appellees from keeping the dog at the Condominium. (Reproduced Record (R.R.) at 5a.) The Association also sought reasonable attorney's fees and costs pursuant to the Act.[2] *Id*. at 11a. The trial court held a hearing on the

---

[1] 68 Pa. C.S. §§ 3101-3414.

[2] Section 3311(a)(3) of the Act, titled "Tort and contract liability," provides:

> If the tort or breach of contract occurred during any period of declarant control (section 3303(c)), the declarant is liable to the association for all unreimbursed losses suffered by the association as a result of that tort or breach of contract, including costs and reasonable attorney's fees.

**(Footnote continued on next page…)**

Association's Petition for Preliminary Injunction on December 10, 2020. After hearing testimony from the community manager and other witnesses at the preliminary injunction hearing, the trial court ordered that the dog could not be kept at the Condominium. *Id*. at 192a-93a. Appellees did not obey the preliminary injunction. At one point, the dog was forcibly removed by Animal Control, only to be retrieved by Appellees and returned to the Condominium. Thereafter, the trial court reinforced its order with additional orders in an effort to get Appellees to comply: an Order for Contempt, an Order to Enforce Preliminary Injunction, and an Order for Further Relief.

The matter was added to the trial pool on September 7, 2021. *Id*. at 3a. On June 14, 2021, the Association filed its Proposed Findings of Fact and Conclusions of Law. *Id*. at 219a-20a. On October 22, 2021, the case was called for trial, at which time the parties presented a Stipulation for Final Hearing, which allowed the trial court to utilize the record from the preliminary injunction hearing. In support of its claim for reasonable expenses under the Act, the Association presented an affidavit of its attorney, Hal Barrow, detailing $22,771.00 in legal fees and $403.75 in court costs it incurred. *Id*. at 207a-20a.

On October 22, 2021, the trial court entered a final order in favor of the Association, which provided as follows:

FINAL ORDER

AND NOW, this 22 day of October, 2021, this case having been scheduled for trial, and upon consideration of the record developed at the preliminary injunction hearing(s) held in this matter and the Stipulation for Final Order submitted by the parties, it is hereby ORDERED and DECREED:

---

68 Pa. C.S. § 3311(a)(3).

3

1. A permanent injunction is entered and [appellees] may not keep their dog, a Shih-Tzu named either "Sweetie Pie" or "Cutie Pie," at Goshen Valley III Condominium. The defendants may keep a dog (but not their current dog) at the Condominium, provided that any such dog is not a nuisance to the community and they comply with the Rules & Regulations of the Association and general notions of decency and decorum.

2. Judgment is entered in favor of Goshen Valley III Condominium Association and against [appellees] Marjorie R. Messick and Laurie R. Messick in the amount of $500.00.

*Id*. at 233a.

The Association now appeals and argues that the trial court abused its discretion by awarding only $500.00 in attorney's fees. Before we consider the merits of the Association's appeal, we must first address Appellees' Application to Quash.

## 2. **Application to Quash**

Appellees contend that the Association's appeal to this Court should be quashed because the Association failed to file post-trial motions within ten days of the trial court's October 22, 2021 order, in accordance with Pa. R.Civ.P. 227.1(c), which provides: "post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." Appellees argue that the Association failed to file post-trial motions and, therefore, has waived all of the issues in this appeal.

"Pa. R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enterprises, Inc.*, 710 A.2d 55,

4

55 (Pa. 1998). "Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal." *Burrell Education Association v. Burrell School District*, 674 A.2d 348, 350 (Pa. Cmwlth. 1996). "The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, 805 A.2d 491, 494 n.9 (Pa. 2002); *Jackson v. Kassab*, 812 A.2d 1233 (Pa. Super. 2002);[3] *Weir by Gasper v. Ciao*, 528 A.2d 616 (Pa. Super. 1987), *aff'd*, 556 A.2d 819 (Pa. 1989). In order to fully effectuate such purpose, any issue raised in a motion for post-trial relief must be briefed and argued to the trial court. *Browne v. Department of Transportation*, 843 A.2d 429 (Pa. Cmwlth. 2004). Our Supreme Court has held that the post-trial motion requirements set forth in Pa. R.Civ.P. 227.1 are mandatory in both law and equity matters. *Chalkey*, 805 A.2d at 497. Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. *Id.* at 496. *See also Coal Tubin' PA, LLC v. Cambria County Transit Authority*, 162 A.3d 549, 553 (Pa. Cmwlth. 2017); *P.S. Hysong v. Lewicki*, 931 A.2d 63, 66 (Pa. Cmwlth. 2007); *Liparota v. State Workmen's Insurance Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999).

Here, the October 22, 2021 order from which the appeal was taken was a final order entered after trial without a jury. As outlined above, Pa. R.Civ.P. 227.1

---

[3] Although Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues. *Commonwealth v. Monsanto Co*., 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021). The Superior Court cases cited herein are relied on for their persuasive value.

applies to non-jury trials. Consequently, when the Association failed to file post-trial motions within 10 days following the trial court's October 22, 2021 order, the issues it sought to raise in its Concise Statements of Errors Complained of on Appeal were waived.

The Association nevertheless attempts to convince this Court that the October 22, 2021 proceeding was not a non-jury trial, and, thus, there was no requirement that post-trial motions be filed. It submits that there was no actual trial because the parties had submitted a Stipulation for Final Hearing. It asserts that the focus of the proceedings was solely on the Association's "post-trial request" for an award of attorney's fees. (Appellant's Answer to Application to Quash Appeal, at 1.) It argues that the trial court's order concerning attorney's fees was a "secondary" and "post-trial" issue that did not trigger Pa. R.Civ.P. 227.1. *Id*. at 2. This Court is not convinced.

First, we reject the Association's contention to the extent it claims that there was no actual trial because the parties filed a Stipulation for Final Hearing. A case may be submitted to the trial court on stipulated material facts. Our Supreme Court has held that "orders following trials on stipulated facts must be treated just like orders following other trials, *i.e.*, in both situations, parties who wish to appeal must first file post-trial motions." *Motorists Mutual Insurance Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003). As such, even though the parties filed a Stipulation for Final Hearing, the Association was required to file post-trial motions to preserve its claims on appeal.

We also reject the Association's claim that the October 22, 2021 proceeding, to the extent that it concerned the Association's demand for attorney's fees and costs, was not a trial proceeding but rather a post-trial/post-judgment proceeding.

6

Again, Section 3311(a)(3) of the Act requires the trial court to award an association "all unreimbursed losses suffered by the association as a result of that tort or breach of contract, including costs and reasonable attorney's fees." 68 Pa. C.S. § 3311(a)(3). Because attorney's fees and costs are a measure of damages under the Act, any award of such must be included the final verdict, as was done here.

In all respects, this matter proceeded as a non-jury trial and the trial court's disposition was consistent with a non-jury verdict. Accordingly, in order to preserve any issues for appellate review, the Association was required to file post-trial motions, and its failure to do so necessitates quashal. *Motorists Mutual Insurance Co*.

Appeal quashed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Goshen Valley III Condominium    :
Association,    :
         Appellant    :
   :
     :   No. 1391 C.D. 2021
       v.    :
   :
Marjorie R. Messick and    :
Laurie R. Messick    :

## *ORDER*

AND NOW, this 25th day of July, 2023, Marjorie R. Messick's and Laurie R. Messick's Application to Quash is GRANTED. The appeal of Goshen Valley III Condominium Association is hereby QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge